(No. 41326.—

Robert S. Fiffer, Appellee, *vs.* Paul Powell, Secretary of State, Appellant.

*Opinion filed January 29, 1969.*

WILLIAM G. CLARK, Attorney General, of Springfield, (JOHN J. O'TOOLE, and ROBERT F. NIX, Assistant Attorneys General, of counsel,) for appellant.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Under the Illinois Vehicle Law, "An application for a certificate of title for any vehicle, whether purchased in Illinois or outside Illinois, and, even if previously registered in another State, must be accompanied by proof either that no tax imposed pursuant to the 'Use Tax Act' is owing by reason of the use of the vehicle in Illinois or that any tax so imposed has been paid. A receipt issued by the Department of Revenue pursuant to that Act constitutes proof of payment of the tax. In the absence of proof of payment of the tax or of nonliability therefore, no certificate of title shall be issued to the applicant." (Ill. Rev. Stat., 1967, ch. 95½, par. 3—104(e).) Pursuant to this section, plaintiff, Robert S. Fiffer, made application to defendant, Paul Powell, Secretary of State, for a certificate of title on a new automobile. Attached to his application was his affidavit stating, among other things, that he was the lessee of the automobile under a lease agreement with a Wisconsin corporation as lessor, that the terms of this lease granted him the immediate right of possession with the right of purchase, and that the Illinois Use Tax Act (Ill. Rev. Stat. 1967, ch. 120, par. 439.1 et seq.) did not impose any

liability upon him or his lessor. A copy of the lease was also appended. Following customary procedure, the Secretary of State requested a ruling from the Department of Revenue on the question of tax liability under the Use Tax Act. The Department informed the Secretary and plaintiff that, in its opinion, use tax was owing on the automobile regardless of whether the transaction was considered a lease or a conditional sale. Based on this determination, the Secretary denied the application for certificate of title.

Subsequently, plaintiff requested an administrative hearing by the Secretary of State's office, as authorized by section 2—117 of the Illinois Vehicle Law, to review the denial of his application. At that hearing, the Department of Revenue's written ruling was admitted into evidence on behalf of the Secretary of State. Plaintiff's evidence consisted of his affidavit which admitted his "ownership" of the vehicle under section 1—140 of the Illinois Vehicle Law but repeated the allegations of his earlier affidavit, including his assertion that no use tax was owing. The hearing officer upheld the denial of the application, finding that plaintiff's affidavit was "at best a self-serving declaration, or personal interpretation of the applicability of [the] Illinois Use Tax Act; that same is not the 'accompanying proof' required by the statute or by the Secretary of State."

On December 8, 1967, plaintiff filed a complaint pursuant to the Administrative Review Act (Ill. Rev. Stat. 1967, ch. 110, par. 264 *et seq.*) in the circuit court of Cook County challenging this decision. The Secretary of State answered, incorporating the complete record of the administrative proceedings. On the basis of these pleadings and oral argument by counsel, the trial court found that plaintiff was not liable for any use tax owing on the automobile, that his affidavit to this effect was sufficient proof of same under the statute (section 3—104(e)), and that the decision denying his application for title was manifestly against the weight of the evidence. It therefore re-

versed and remanded the cause to the Secretary of State with directions to issue the certificate of title forthwith. From this judgment, the Secretary of State appeals directly to this court, State revenue being involved.

In this court, only the Secretary of State has appeared and submitted a brief. On his behalf, it is urged that the circuit court erred in reversing the administrative decision since that decision was supported by competent evidence and was not against the manifest weight of the evidence. We agree. The issue in this case is not whether any use tax is owing on the automobile in question, and no reasons or citations of authority have been advanced in the course of this litigation to overturn the Department of Revenue's ruling on this question. The only issue, since plaintiff has also never challenged the validity of conditioning the issuance of title upon the payment of use tax, is whether plaintiff's verified allegation that no use tax is owing satisfies the statutory requirement of proof of this fact. In the face of the Department's contrary ruling on the issue of use tax liability, the administrative body concluded that it did not. We think it manifest that the evidence presented before that body admits of no other conclusion; therefore, the judgment of the circuit court overturning its decision cannot stand. See *Kellogg Switchboard and Supply Corp.* v. *Department of Revenue,* 14 Ill.2d 434, 439.

In the circuit court, plaintiff agreed, in the event of any adverse ruling on appeal, to pay any use tax owing on the automobile and posted a $200 bond to insure such payment. Due to this bond, the circuit court did not stay the issuance of the certificate of title pending appeal. The cause is therefore remanded to the circuit court to compute and deduct the use tax owed from the bond, refunding the balance to plaintiff.

*Reversed and remanded, with directions.*