Argued June 20, affirmed July 16, petition for rehearing
denied August 23, 1973

STATE OF OREGON, *Respondent, v.*
ROLAND BRUMFIELD (No. C72-10-3291 CR),
*Appellant.*

511 P2d 1256

*Gregory L. Hawkes,* Portland, argued the cause for appellant. With him on the brief were Bouneff, Muller, Marshall & Hawkes, Portland.

*John H. Clough,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

Defendant was charged with first degree robbery. On the day set for trial defendant was offered an opportunity by the state to enter a plea of guilty to the lesser included charge of robbery in the second degree. For the reasons set forth below, the trial court refused to accept a plea to the reduced charge. The defendant then stood trial on the original charge and was found guilty.

On appeal defendant contends that the trial court erred in refusing to accept a guilty plea to the lesser included offense.

The colloquy between defendant, defendant's counsel and the court in connection with the defendant's attempt to plead guilty to the lesser included offense shows that the defendant vacillated between admitting and denying that he committed the acts charged in the indictment. With the aid of his attorney he indicated that he was attempting to enter an "Alford plea." It is clear that what he or his attorney was trying to do was to rely upon the case of *North Carolina v. Alford,* 400 US 25, 91 S Ct 160, 27 L Ed 2d 162 (1970). In that case Alford was indicted for first degree murder, a capital offense in North Carolina. The evidence against him was overwhelming. With the advice of counsel, although maintaining his innocence, he entered a plea of second degree murder, which removed the possibility of a death sentence. He thereafter attempted to have the plea set aside. The Supreme Court affirmed the conviction, stating:

"* * * Here the State had a strong case of

first-degree murder against Alford. Whether he realized or disbelieved his guilt, he insisted on his plea because in his view he had absolutely nothing to gain by a trial and much to gain by pleading. Because of the overwhelming evidence against him, a trial was precisely what neither Alford nor his attorney desired. Confronted with the choice between a trial for first-degree murder, on the one hand, and a plea of guilty to second-degree murder, on the other, Alford quite reasonably chose the latter and thereby limited the maximum penalty to a 30-year term. When his plea was viewed in light of the evidence against him, which substantially negated his claim of innocence and which further provided a means by which the judge could test whether the plea was being intelligently entered, see *McCarthy v. United States,* supra [394 US 459, 89 S Ct 1166, 22 L Ed 2d 418], at 466-467 (1969), its validity cannot be seriously questioned. In view of the strong factual basis for the plea demonstrated by the State and Alford's clearly expressed desire to enter it despite his professed belief in his innocence, we hold that the trial judge did not commit constitutional error in accepting it." 400 US at 37-38.

The opinion of the Supreme Court goes on to state in n 11:

"Our holding does not mean that a trial judge must accept every constitutionally valid guilty plea merely because a defendant wishes so to plead. A criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted by the court, see *Lynch v. Overholser,* 369 U.S., at 719 (by implication), although the States may by statute or otherwise confer such a right. Likewise, the States may bar their courts from accepting guilty pleas from any defendants who assert their innocence. Cf. Fed. Rule Crim. Proc. 11, which gives a trial judge discretion to 'refuse

to accept a plea of guilty....' We need not now delineate the scope of that discretion." 400 US at 38.

The record here shows that the defendant may well not have really understood what was going on when the guilty plea was tendered. Any rule eliminating a trial judge's right to refuse to accept a guilty plea would seriously impinge upon the function of the court and could well set the stage for many abuses of the judicial process.

Affirmed.