**UNITED STATES of America, Appellee,**

v.

**Dania Dolores MERCEDES–MERCEDES, Defendant, Appellant.**

**No. 87–2082.**

United States Court of Appeals, First Circuit.

Submitted May 6, 1988.

Decided July 15, 1988.

Raul Barrera Morales, Santurce, P.R., on brief for defendant, appellant.

Jose R. Gaztambide, Asst. U.S. Atty., and Daniel F. Lopez–Romo, U.S. Atty., Hato Rey, P.R., on brief for appellee.

Before CAMPBELL, Chief Judge, BOWNES and TORRUELLA, Circuit Judges.

LEVIN H. CAMPBELL, Chief Judge.

Defendant-appellant Dania Dolores Mercedes Mercedes ("Mercedes") appeals from a "special condition" of probation. We vacate and remand for a necessary modification.

Appellant Mercedes pleaded guilty to entering into a sham marriage in violation of

the recently enacted Immigration Marriage Fraud Amendments of 1986, 8 U.S.C. § 1325(b) (Supp. IV 1986). The maximum sentence for violating this law is five years' imprisonment and a $250,000 fine. *Id.* On October 29, 1987, the district court sentenced Mercedes to a three-month term in a halfway house, plus five years of probation with a "special condition." The special condition of probation was as follows:

> It is a special condition of her probation that defendant shall remain outside the U.S. and all places subject to its jurisdiction during the period of her probation, unless prior written permission to reenter is obtained by her from the pertinent legal authorities and from the Probation Officer of this Court.

Mercedes appeals from this special condition of probation.

In her appellate brief, Mercedes's main argument was that the special condition clashed with the new immigration law. *See* Immigration Reform and Control Act of 1986, 8 U.S.C. § 1255a (Supp. IV 1986) (providing amnesty to illegal aliens who establish five years of continuous residency starting prior to January 1, 1982). Specifically, Mercedes argued that she was eligible for amnesty and thus continued residency in the United States. Therefore, she argued, that part of the special condition ordering her to leave the United States conflicted with the new law.[1]

Prior to the scheduled appellate argument, however, Mercedes's attorney informed this court that the Immigration and Naturalization Service ("INS"), in an immigration proceeding separate from the criminal proceeding from which this appeal is taken and from the "special condition" of probation, had deported Mercedes. Subsequently, the United States Attorney informed this court that:

1. Mercedes had in fact been deported—the INS placed her on a flight destined for her homeland, the Dominican Republic. She is apparently residing there.

2. The immigration proceedings have concluded and no appeal is pending.

3. Mercedes could be readmitted to the United States if she successfully files a "petition for legalization" or if she is given permission to reenter by the United States Embassy in Santo Domingo.

The main argument in Mercedes's brief thus fails on its own terms: Mercedes's argument was premised on her eligibility for amnesty (and thus for continuing United States residency), but as the INS has deported her, we must assume that she is *not* eligible for amnesty.

 Mercedes's appeal, however, is not moot in its entirety. Although the appeal from that part of the "special condition" requiring Mercedes to leave the United States is mooted by the independent decision of the INS to deport her, a live issue is still presented by that part of the "special condition" dealing with Mercedes's possible *return* to the United States. *Cf. United States v. Campos–Serrano*, 404 U.S. 293, 294 n. 2, 92 S.Ct. 471, 472 n. 2, 30 L.Ed.2d 457 (1971).[2] Like all conditions of probation, the district court's restrictions on Mercedes's reentry to the United States are reviewable under the "abuse of discretion" standard. *See United States v. Villarin Gerena*, 553 F.2d 723, 727 (1st Cir. 1977). In general, conditions of probation will be upheld on appeal so long as they bear a "reasonable relationship to the treatment of the accused and the protection of the public." *Id.* (quoting *Porth v. Templar*, 453 F.2d 330, 333 (10th Cir. 1971)).

 The condition on reentry has two aspects: 1) Mercedes must obtain permission from the "pertinent legal authorities" (presumably the INS), and 2) Mercedes must obtain permission from her probation officer. The former condition—that Mercedes not again violate the immigration

---

**1.** She also argued that 1) the special condition had no relationship to her rehabilitation, and 2) that the special condition violated due process. As we modify the special condition based on a possible conflict with the immigration laws, we have no occasion to reach these additional issues.

**2.** In *Campos–Serrano*, the Supreme Court was presented with a similar factual situation, and found that the defendant's appeal was not moot. The court explained,

> The sentence was suspended, and the respondent was placed on probation for three years "on condition that he return to Mexico

laws—is most certainly not an abuse of discretion. *See, e.g., United States v. McLeod,* 608 F.2d 1076, 1078 (5th Cir.1979).

■ The second condition on reentry is a different matter. By insisting that Mercedes obtain the consent of the probation officer in addition to immigration authorities, the special condition leaves open the theoretical possibility that the probation officer would overrule the immigration authorities and refuse to allow Mercedes to reenter the United States even though her immigration status had been changed so as to allow reentry. We consider this potential conflict with the immigration laws to render the second condition an abuse of discretion.

First, at least three circuits have held that Congress has given the *exclusive* power to deport or exclude aliens to the Attorney General (and his delegate, the INS). *See United States v. Abushaar,* 761 F.2d 954 (3d Cir.1985); *United States v. Hernandez,* 588 F.2d 346 (2d Cir.1978); *United States v. Castillo–Burgos,* 501 F.2d 217 (9th Cir.), *cert. denied,* 419 U.S. 1010, 95 S.Ct. 330, 42 L.Ed.2d 284 (1974). *See also United States v. Guevara–Martinez,* 597 F.2d 954, 955 n. 2 (5th Cir.1979) (dicta). Accordingly, these courts have struck down conditions of probation in which the district court assumed the power to control the deportation or exclusion of aliens. We need not at this time decide whether a district court may *ever* impose such conditions,[3] but, at the very least, the potential conflict with the Attorney General's immigration powers leads us towards finding that such a condition will normally exceed the district court's discretion.

Second, the government has presented no compelling reason, nor for that matter, *any* reason, why in this case it is necessary to give the probation officer the authority to override a decision of the immigration authorities. Indeed, the government does not even advert to the possible conflict with immigration statutes: the government cites the *Abushaar* decision (cited above) to *support* the validity of the district court's special condition. In addition, as a practical matter, the second condition on Mercedes's reentry would most likely have no effect. It is highly improbable that, in the unlikely event the INS allowed Mercedes to reenter the United States within the next five years, the probation officer would take it upon himself to refuse Mercedes permission to reenter.

We conclude, therefore, that the second condition on reentry exceeded the district court's discretion to impose conditions of probation. We realize, however, that the district court's intent in imposing the second condition on reentry could well have been the sound one of ensuring that if Mercedes did return to the United States, she would be subject to the supervision of her probation officer. This is a reasonable goal for a condition of probation, and it could be achieved by requiring Mercedes to notify her probation officer if the INS gives her permission to reenter. Accordingly, on remand we direct the district court to modify the condition on reentry so that it reads in substance as follows:[4]

and not return to the United States illegally." Pursuant to this sentence, he was remanded to the custody of the Immigration and Naturalization Service for deportation under a previous order. It appears that he is now in Mexico. Clearly, the fact that the respondent is now out of the country does not render this case moot. He is still under the sentence of the District Court and on probation subject to conditions imposed by the district court. Should he violate these conditions, he will be subject to imprisonment under his continuing criminal sentence.

404 U.S. at 294 n. 2, 92 S.Ct. at 472 n. 2.

3. For example, an arguably stronger case for this type of probation condition could be made where the defendant explicitly requested such a condition in return for a reduced sentence. *See United States v. Martin,* 467 F.2d 1366, 1369 (7th Cir.1972). We express no opinion on whether we would reach the same result as the *Martin* court.

4. As this modification makes the sentence less onerous, the district court may modify the special condition without the presence of the defendant. *See Rust v. United States,* 725 F.2d 1153, 1154 (8th Cir.1984) ("Under Fed.R.Crim.P. 43, a defendant must be present only where the sentence is made more onerous, or the entire sentence is set aside and the cause remanded for resentencing."). *See also* Fed.R.Crim.P. 32.-1(b) (no hearing required when a modification in the conditions of probation is favorable to the probationer).

unless prior written permission to reenter is obtained by her from the pertinent legal authorities and defendant in writing notifies the Probation Officer of this Court to that effect.

*That part of the sentence as to the special condition of probation is vacated and the cause is remanded for modification of the special condition of probation in accordance with this opinion.*