**Michele STEINBERG, Plaintiff,**

v.

**U.S. DEPARTMENT OF JUSTICE, Defendant.**

Civ. A. No. 90–2395.

United States District Court, District of Columbia.

Sept. 30, 1992.

---

MEMORANDUM

GESELL, District Judge.

This is a Freedom of Information Act ("FOIA") request that, after processing, is ripe for disposition. Defendant's pending motion for summary judgment has been fully briefed and the Court has conducted an *in camera* inspection of the full text of the documents released to plaintiff in redacted form.[1] This inspection and the information contained in the motions provide a sufficient basis for rulings on plaintiff's Renewed Motion to Compel a Further Search and the motion for summary judgment.

## I. Introduction

Plaintiff, Michele Steinberg, a political associate of presidential candidate Lyndon LaRouche, seeks materials from certain FBI offices[2] concerning what she alleges is a disinformation effort of the U.S. Government, the Soviet KGB and others to taint LaRouche by involving him with the assassination of Swedish Prime Minister Olaf Palme. The FOIA request focuses on material plaintiff believes the FBI possessed and turned over or disclosed to Swedish Police or Swedish authorities during the course of investigations by the FBI Boston Field Office into prior LaRouche prosecutions.

Plaintiff's request was explicit:

copies of any and all documents pertaining to and surrounding the United States government's release of and/or disclosure of evidentiary material and any other documents turned over to the Swedish Police or other Swedish authorities.

Documents were found at the Headquarters and Boston Field Office following a search. Some of these papers have been made available to plaintiff in redacted form subject to exemptions claimed, sometimes involving the entire text, as will appear in the following discussion of the summary judgment motion.

Michele Steinberg, pro se.

Charles F. Flynn, Asst. U.S. Atty., Washington, D.C., for defendant.

1. The Court is returning these unredacted copies to defense counsel.

2. Boston Field Office of the FBI and the Executive Office of United States Attorneys ("EOUSA").

## II. Motion to Compel a Further Search

 News reports and other published sources have indicated some degree of Swedish interest and U.S. collaboration in the assassination investigation. Plaintiff, noting the complete absence of documentation in the material made available to her concerning the transmittal of information or copies of the information itself, contends that an adequate search was not made and seeks to compel a further search.

The motion to compel is denied. This is not an instance where the FBI rests on mere conclusory statements. Plaintiff primarily focuses on the search of the Boston Field Office records. These records are not indexed but are contained in various folders under general designations, including one specifically marked as pertinent to Olaf Palme, Prime Minister of Sweden. The Boston Field Office had a variety of involvements with activities of LaRouche and his associates, including a credit card fraud investigation and trial. The designated folder, which contained responsive documents, and certain other folders were searched. *See* Declaration of Steven C. Auerswald, III, p. 3, filed July 26, 1991. Thus the record discloses an informed, detailed search of likely sources, the accuracy of which was confirmed by duplicate records uncovered through the Executive Office of U.S. Attorneys ("EOUSA") headquarters indices. There is no basis for raising serious doubts as to completeness. *Perry v. Block*, 684 F.2d 121, 127 (D.C.Cir. 1982).

Plaintiff's frustration is explicated not by the nature of the search itself but by plaintiff's interest in a matter that involves classified material, genuine privacy interests and on-going law enforcement concerns, all as outlined in the *Vaughn* index supporting defendant's motion for summary judgment. Having reviewed the released documents in unredacted form, including documents withheld in their entirety, the Court is confident that the relevant files have been searched.

 Further LaRouche prosecutions occurred in Virginia. Plaintiff recognizes that some materials she seeks were transferred to the Commonwealth of Virginia. She suggests the FBI must retrieve them for her but neither the FBI nor Virginia, which is not an agency within the meaning of FOIA, 5 U.S.C. § 552(f), are required to search Virginia records and there is no indication that the FBI retained control over these materials.

The search was adequate and reasonable within the meaning of *Weisberg v. Department of Justice*, 745 F.2d 1476, 1485 (D.C.Cir.1984).

## III. Summary Judgment Motion

Plaintiff mounts a sweeping attack on the Department's motion for summary judgment by challenging exemptions claimed and requiring a supplemental *Vaughn* index.

 Three of the eighteen documents located have been withheld based on Exemption (b)(1) which remain classified after re-examination for classification purposes, as described in the Hurst Declaration, filed July 26, 1991. Plaintiff contends that the mere identification of classified materials by number and date is insufficient and that the *Vaughn* index does not explicate the basis for withholding on the ground that national security would be endangered. Plaintiff has amplified this claim by noting press and television media speculations as to aspects of the matter which plaintiff assumes were accurate leaks, thus diluting confidentiality claims. The very nature of the underlying materials, however, which allegedly involve assassination of a prime minister of a friendly country, implicate international security concerns sufficient on their face to justify classification given an apparent two-way exchange of information with another government concerning a suspected assassin. Passage of time, media reports and informed or uninformed speculation based on statements by participants cannot be used in this Circuit to undermine the legitimate interest of the government in protecting against disclosure of the precise international security problem which plaintiff seeks to have revealed. *Cf. Schmerler v. FBI*, 900 F.2d 333, 336 (D.C.Cir.1990).

Plaintiff's attack on the coding technique used for the *Vaughn* index as boiler plate and inadequate is denied. In general, the government's affidavits are sufficiently specific to support the exemptions claimed. *Keys v. Department of Justice*, 830 F.2d 337, 347–48 (D.C.Cir.1987). Except for the limited portions described below, the Court finds that the government has properly redacted the released documents according to the exemptions claimed and described in the affidavits.

All of the unclassified documents contain "law enforcement records or information ... [that] could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). The FBI invoked Exemption (b)(7)(C) to withhold names of FBI agents and support personnel (Auerswald Declaration, ¶ 22), names or other identifiers of third parties who were mentioned in the investigative files (*id.*, ¶¶ 23–24), and names or identifiers of persons interviewed under implied or express assurances of confidentiality (*id.*, ¶ 25). *Department of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 771–75, 109 S.Ct. 1468, 1480–82, 103 L.Ed.2d 774 (1989); *Senate of Puerto Rico v. Department of Justice*, 823 F.2d 574, 588 (D.C.Cir.1987); *Lesar v. Department of Justice*, 636 F.2d 472, 487 (D.C.Cir. 1980).

The FBI also relies heavily on Exemption (b)(7)(D), which permits an agency to withhold information that could identify confidential sources. 5 U.S.C. § 552(b)(7)(D); Auerswald Declaration, ¶¶ 26–29. *Parker v. Department of Justice*, 934 F.2d 375, 378 (D.C.Cir.1991); *King v. Department of Justice*, 830 F.2d 210, 235–36 (D.C.Cir. 1987).

■ The third exemption invoked by the FBI is Exemption (b)(2), which protects information related solely to internal personnel rules and agency practices. While this exemption is meant to be interpreted narrowly, to exempt routine "housekeeping" matters not normally of substantial public interest, *Vaughn v. Rosen*, 523 F.2d 1136, 1141 (D.C.Cir.1975), plaintiff is nonetheless not entitled to disclosure of such adminis-

trative markings. *Founding Church of Scientology v. Smith*, 721 F.2d 828, 829–30 (D.C.Cir.1983). This exemption does not, however, protect substantive information, such as investigative results, which are covered by other exemptions not claimed by the FBI in withholding these documents.

The Court sustains most of the government's claims after balancing the plaintiff's rights against the public interest. There is no basis for disclosure of this limited security matter when disclosure could threaten or interfere with ongoing security initiatives. It does not follow, as plaintiff suggests, that private information becomes public whenever an individual's activities in various respects have become unduly publicized and his or her involvement in the general area of the FOIA demand is well known. In such instances, the publicity minimizes pressure to force disclosure of any further information clearly entitled to privacy protection. Moreover, there can be no longer any doubt that absent extraordinary circumstances every possible protection must be given to the privacy of FBI agents and supporting personnel, particularly here where the requestor reveals animus and has herself been under inquiry.

The following portions of the withheld documents, however, do not fall within these valid exemptions and must be disclosed to the plaintiff forthwith:

Document No. 2:

Page One, "per Zuschlag." This German word for "attachment" or "supplement" was misidentified as a name and cannot be protected under Exemption (b)(7)(C).

Page Three, the paragraph beginning "During a ..." and ending on Page Four, "... assassination attempt." This paragraph does not reveal any names or confidential sources.

Document No. 4:

Page Two, the paragraph beginning "During a ..." and ending on Page Four, "... assassination attempt," which is identical to the paragraph described in Document No. 2, above.

Document No. 5:

Page Two, from "As has been ..." through "... consular official," with the names and identities of private persons (except for Michelle [sic] Steinberg) and confidential sources to remain redacted. While the identities of persons and sources described in this paragraph may be withheld, the event described does not fall within any of the claimed exemptions.

Document No. 10:

Page Two, from "As has been ..." through "... consular official," with names and identities of private persons and confidential sources to remain redacted, as noted for Document No. 5, above, which contains the same paragraph.

The Court is convinced that the FBI has met its search obligations and is entitled to the exemptions claimed, with the exceptions noted above. Accordingly, defendant's motion for summary judgment is granted in part and denied in part.