James G. **ARMENAKES**

v.

**STATE of Rhode Island.**

No. 2002–56–C.A.

Supreme Court of Rhode Island.

April 30, 2003.

David A. Schechter, for Plaintiff.

Aaron L. Weisman, Asst. Attorney General, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the court on February 4, 2003, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing arguments of counsel and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

The applicant, James G. Armenakes (Armenakes or applicant), is before the Supreme Court on appeal from a judgment denying his application for post-conviction relief. Armenakes alleged that his plea of *nolo contendere* to the charge of possession of cocaine, in accordance with the provisions of *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), was invalid as not knowingly and voluntarily given and further, that he was denied the effective assistance of counsel.[1]

After the execution of a search warrant in his business office that resulted in the discovery of cocaine in his jacket pocket, Armenakes was charged with possession of cocaine. In a collateral attack on post-conviction relief, Armenakes asserted that he was erroneously led to believe that his *Alford* plea was not equivalent to a guilty plea and that his attorney failed to appropriately advise him of the nature and consequences of the plea. Additionally, Armenakes argued that the required plea formalities, including the right of allocution and the execution of a plea request form, should have been afforded to him a second time, when the trial justice, at Armenakes's request, amended the sentence because of an oversight in sentencing requirements.[2] Finally, Armenakes argued that the state failed to demonstrate a strong factual basis for the plea with sufficient evidence for the case to proceed to trial, a mandatory prerequisite to an *Alford* plea. Notwithstanding, after a three-

1. At oral argument, defendant acknowledged that this conviction formed the basis for a sentence enhancement in connection with a federal narcotics conviction. Thus, Armenakes joins the long line of criminal defendants seeking to vacate state court convictions that have led to sentencing enhancements, *see Carpenter v. State,* 796 A.2d 1071 (R.I.2002) (per curiam); *Ouimette v. State,* 785 A.2d 1132 (R.I.2001); *Beagen v. State,* 705 A.2d 173 (R.I.1998) (per curiam), or deportation proceedings, *see Ducally v. State,* 809 A.2d 472 (R.I.2002) (per curiam); *State v. Desir,* 766 A.2d 374 (R.I.2001) (per curiam).

2. After entering the *Alford* plea, Armenakes was thereupon sentenced to a $500 fine. However, shortly after the plea, when attempting to pay the court clerk for the fine, applicant's counsel was informed that additional conditions to the sentence were required by statute, including community service and an evaluation for drug counseling and rehabilitation. Counsel reentered the courtroom and alerted the trial justice to this dilemma. By mutual agreement, the trial justice amended the sentence to a $500 fine and a thirty-day prison sentence, allowing Armenakes time served for the forty-five days he had been detained pretrial. At the hearing on post-conviction relief, applicant asserted that he was not present in the courtroom for the amended sentence proceedings; however, his former attorney testified to the contrary, and the trial justice found otherwise, noting on the record that he clearly saw Armenakes in the back of the courtroom when he amended the sentence. The applicant responds that even if he were in the courtroom, his presence in the back did not adequately meet the requirements of Rule 43 of the Superior Court Rules of Criminal Procedure, particularly when the amended sentence of time served was more onerous than the original sentence of a fine.

day hearing, the trial justice concluded that applicant had entered the plea knowingly, voluntarily, and intelligently, and denied the application for post-conviction relief.

Armenakes asks this Court to declare that the trial justice committed clear error in finding that he fully understood the nature and consequences of his plea and the sentence that was imposed. He argues that the trial justice overlooked or misconceived material evidence that clearly showed his belief that the plea was not equivalent to a criminal conviction. Armenakes maintains that his only interest in entering the plea was to protect his several liquor licenses from revocation, and therefore, had he known that the plea was the effective equivalent to a guilty plea, he would have opted for trial.

The state asserts that there is ample record evidence establishing that Armenakes understood the consequences of entering an *Alford* plea, and that he admittedly was pleased with the agreed-upon disposition of the case. Although conceding that sufficient evidence was presented at the hearing to support applicant's contention that he believed that an *Alford* plea meant he would not be deemed to have pled guilty or *nolo contendere*, the state argues that this showing does not defeat the weight of the evidence supporting the findings of the trial justice. The state highlights applicant's admission that he previously had entered pleas of *nolo contendere* to other unrelated charges, and thus, had ample familiarity with the nature and consequence of a plea of *nolo contendere*. Furthermore, the state argues that applicant has failed to satisfy the burden of proving that his counsel's advice concerning the plea was deficient to such a degree to warrant vacating the conviction.

██ "The so-called *Alford* plea is a procedure approved by the Supreme Court of the United States under which a person charged with a criminal offense may plead guilty even though he maintains his innocence as long as the state presents a factual basis for such plea through evidence other then the defendant's own admission." *State v. Fontaine*, 559 A.2d 622, 624 (R.I. 1989). However, although a criminal defendant may be relieved of the embarrassment of admitting participation in the crime or comforted by the fact that he or she has maintained his innocence and the victim sometimes is left in a quandary about what occurred during the plea proceeding, the result is abundantly clear: the defendant stands convicted of the crime. "When a defendant enters an *Alford* plea, which is accepted by the [C]ourt, then such a plea in a later judicial proceeding constitutes a conviction, irrespective of the fact that the defendant maintains his [or her] innocence and does not stand up and confess guilt." *State v. Mattatall*, 603 A.2d 1098, 1118 (R.I.), *cert. denied*, 506 U.S. 838, 113 S.Ct. 117, 121 L.Ed.2d 74 (1992). Such a conviction may be used later for any legitimate purpose, including sentencing factors and enhancement, impeachment, and in collateral proceedings, such as deportation.

Since its inception in 1970, the *Alford* plea has given rise to inconsistent results, confused victims, and a divided judiciary.

"Most jurisdictions offer defendants the option of seeking permission from the judge to enter either a *nolo* [*contendere* plea] or an *Alford* plea. Typically, however, judges and prosecutors do not favor either choice. Both alternatives have the potential of detracting from the moral legitimacy of the conviction that ensues because it is based neither on a trial where there was a full exposition of the evidence nor on the defendant's admission that he or she committed the crime. Because the defendant may as-

sert his or her innocence in either event without contradiction, the public may question the integrity of the process." 2 David Rossman, *Criminal Law Advocacy,* ¶ 9.03[2] at 9–15 (2001).

■ In *Alford,* based on the overwhelming evidence of his guilt, Henry Alford was facing the death penalty for first-degree murder. Although steadfastly maintaining his innocence, Alford agreed to plead guilty to second-degree murder, and accepted a sentence of thirty years in prison. The United States Supreme Court held that there is no constitutional bar to a defendant's voluntarily consenting to the imposition of a prison sentence after intelligently concluding that a plea is in his best interest, as long as the record contains strong evidence of actual guilt. *Alford,* 400 U.S. at 37, 91 S.Ct. at 167, 27 L.Ed.2d at 171. The Court declared that the Constitution was concerned with the practical consequences of a plea and not the formal categorizations of state law. Thus, while most pleas of guilty "consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of a criminal penalty." *Id.* However, the Court also declared that its holding did not prevent the individual states from prohibiting their courts from accepting guilty pleas by the defendants who insist on asserting their innocence. *Id.* at 38 n. 11, 91 S.Ct. at 168 n. 11, 27 L.Ed.2d at 172 n. 11. Further, the accused does not enjoy a constitutional right to have a guilty plea accepted. *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427, 433 (1971). Thus, based on the wide latitude accorded the states and their trial justices, *Alford* has received uneven acceptance and application.

Some states have rejected the right of a defendant to enter an *Alford* plea or have criticized the concept. *See United States v. Harlan,* 35 F.3d 176, 182 n. 7 (5th Cir.1994) (refusing to endorse an *Alford* plea, though valid, concluding that subsequent challenges to the voluntariness or factual basis of the plea impact on their usefulness); *United States v. Brooks,* 43 C.M.R. 945, 952, 1971 WL 12912 (1971) (asserting that Uniform Code of Military Justice does not permit a plea of guilty to enter amid protestations of innocence); *Washington v. Superior Court,* 180 Ariz. 91, 881 P.2d 1196, 1198 (Ct.App.1994) (maintaining that *Alford* pleas are tolerated but disfavored in Arizona because the public is not assured that the court has convicted a guilty defendant; thus an *Alford* plea may be withdrawn with great liberality); *Harris v. State,* 671 N.E.2d 864, 868, 869 (Ind.Ct.App.1996) (holding that a plea of guilty followed by a protestation of innocence is not a plea, except in capital cases, when an accused may enter a plea to avoid death, yet professes innocence); *Eisenberg v. Commonwealth,* 86 Pa.Cmwlth. 358, 485 A.2d 511, 514 (1984) (holding that *Alford* pleas are not accepted in Pennsylvania, and although admissible in an administrative hearing as evidence of guilt of a crime, are not conclusive). Moreover, the discretionary nature of an *Alford* plea sometimes results in judge shopping and the inability of the accused, the victim, and the public to understand and accept the concept that an accused, who has denied his guilt, is nonetheless permitted to plead guilty and is sentenced to prison. *See* Note, *The Alford Plea: A Necessary but Unpredictable Tool for the Criminal Defendant,* 72 Iowa L.Rev. 1063, 1064 (1987). Accordingly, the states remain free to decline to accept an *Alford* plea as an exercise of discretion. The refusal of a trial justice to permit a defendant to plead guilty or *nolo contendere* and maintain his or her innocence is usually upheld on appeal. *See Commonwealth v. Gendraw,* 55 Mass.App.Ct. 677, 774

N.E.2d 167, 174 (2002) (maintaining that there is no constitutional right to have an *Alford* plea accepted; judges are accorded wide discretion in deciding whether to accept any guilty plea); *State v. Cotton,* 621 S.W.2d 296, 301 (Mo.App.Ct.1981) (stating that the trial court is vested with discretion to refuse to accept an *Alford* plea); *State v. Brumfield,* 14 Or.App. 273, 511 P.2d 1256, 1258 (1973) (refusing to impinge on the right of a trial justices to refuse to accept a guilty plea).

■ Although in the case at bar, Armenakes has insisted that he understood that an *Alford* plea served to preserve his innocence, we are satisfied that applicant simply elected an alternate and more comfortable means to dispose of a felony charge in the hope of preserving his liquor licenses. Therefore, we conclude that Armenakes may have maintained his innocence, but he was nevertheless convicted of the crime charged and is bound by the terms of the plea.

■ In the absence of clear error or a showing that the hearing justice overlooked or misconceived material evidence, the findings of a trial justice on post-conviction relief will not be disturbed. *Ouimette v. State,* 785 A.2d 1132, 1135 (R.I.2001); *Carillo v. State,* 773 A.2d 248, 252 (R.I.2001). "However, 'the ultimate determination concerning whether [a defendant's] constitutional rights have been infringed must be reviewed *de novo.*'" *Heath v. Vose,* 747 A.2d 475, 477 (R.I.2000) (per curiam) (quoting *Powers v. State,* 734 A.2d 508, 514 (R.I.1999)). We discern no such error in this case. The record demonstrates that Armenakes knowingly and voluntarily entered a plea of *nolo contendere* pursuant to the provisions of *Alford.*

The colloquy between the trial justice and Armenakes at the time the plea was taken was methodical and conspicuously alerted applicant to the constitutional rights he was giving up by waiving a trial. The trial justice carefully and painstakingly explained the import and effect of the plea and ascertained from applicant his affirmation that he understood the nature and import of an *Alford* plea. He further assured himself that Armenakes appreciated the strong factual basis for the plea and required an acknowledgment, in open court, that applicant understood that a jury could find him guilty beyond a reasonable doubt based upon the state's evidence.

Additionally, upon denying the application for post-conviction relief, the hearing justice found that defense counsel alerted Armenakes to the meaning and consequences of an *Alford* plea. The record evidence amply supports this finding and it will thus stand undisturbed.

■ We are equally satisfied that the court's modification of Armenakes's sentence later that same morning did not require the trial justice to vacate the original plea. The applicant's argument that the subsequent sentence fails because he was absent from the courtroom or deprived of an opportunity to exercise his right of allocution is wholly without merit. Both his previous counsel and the trial justice agreed that Armenakes was present in the courtroom. It is inconceivable to us that a trial justice would modify a sentence, even at a defendant's behest, without his or her presence in the courtroom. The record in this case clearly indicates that upon entry of the initial plea and sentence, and in compliance with Rule 32(a)(1) of the Superior Court Rules of Criminal Procedure,[3] Armenakes was af-

---

3. Rule 32(a)(1) of the Superior Court Rules of Criminal Procedure provides in pertinent part:

"**Sentence and Judgment.** (a) *Sentence.* (1) *Imposition of Sentence.* * * * Before imposing sentence the court shall afford

forded the opportunity to address the court and declined to do so. The second session before the same justice later that day was a mere extension of the first session and was held purely for the benefit of Armenakes. His former counsel testified that upon discovering the statutorily required sentencing requirements that he had overlooked, both he and Armenakes returned to the courtroom and requested an amendment to the terms of his sentence. This was not a second plea nor was the original plea vacated; thus, repetition of the panoply of plea formalities was not required.

Before this Court, Armenakes has highlighted instances in which federal courts have recognized the right of a defendant to be physically present in the courtroom when a noncompliant sentence is amended, especially when the sentence is made more onerous. *United States v. De Los Santos–Himitola,* 924 F.2d 380 (1st Cir.1991); *United States v. Mercedes–Mercedes,* 851 F.2d 529 (1st Cir.1988). He argues that because his amended sentence was a term of imprisonment and thus, a heavier penalty, he should be afforded the same safeguards. We are cognizant that his sentence was amended to relieve him of the requirement to undergo drug counseling and community service and, although the amended sentence included a jail sentence, it was made retroactive to time served.

A defendant is entitled to be present at the imposition of sentence, pursuant to Rule 43 of the Superior Court Rules of Criminal Procedure.[4] We are convinced, as was the hearing justice, that Armenakes, who was present in the courtroom on both occasions, was not deprived of his right to actively participate in the disposition of the case. Armenakes's contentions lack a factual foundation and are without merit. The hearing justice was entitled to conclude that, like the plea itself, Armenakes was engaging in another fictional account of what actually occurred, hoping to ameliorate a federal sentence imposed for similar criminal misconduct.

Additionally, we reject applicant's contention that he was denied effective assistance of counsel. When reviewing claims of ineffective assistance of counsel, this Court has adopted the standard announced by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *LaChappelle v. State,* 686 A.2d 924, 926–27 (R.I.1996) (per curiam) (citing *Brown v. Moran,* 534 A.2d 180, 182 (R.I. 1987)). Under this criterion, the court "must be persuaded that counsel's performance was deficient and that the deficient performance prejudiced that defendant to such a degree that he was deprived of effective assistance of counsel." *State v. Figueroa,* 639 A.2d 495, 500 (R.I.1994) (citing *Strickland,* 466 U.S. at 687–88, 104 S.Ct. at 2064–65, 80 L.Ed.2d at 693). Prejudice is demonstrated by a showing that a reasonable probability exists that but for counsel's errors, the defendant would not have entered the plea and would have insisted on going to trial. *Figueroa,* 639 A.2d at 500 (citing *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210 (1985)).

We are not persuaded that Armenakes was deprived of effective representation

---

counsel an opportunity to speak on behalf of the defendant and shall address the defendant personally and ask the defendant if he or she wishes to make a statement in his or her own behalf and to present any information in mitigation of punishment."

4. Rule 43 of the Superior Court Rules of Criminal Procedure provides in pertinent part: "**Presence of the defendant.** The defendant shall be present at the arraignment and at the imposition of sentence * * *."

or prejudiced in any way. He failed to introduce any evidence that his counsel's performance was so deficient that it amounted to a denial of counsel, nor has he illustrated any instances in which he was deprived of the opportunity to make a knowing and conscious decision to enter a plea rather than proceed to trial. We are of the opinion that, although Armenakes asserts that he misconstrued the exact nature of an *Alford* plea, he was a sophisticated offender who was motivated solely by a desire to avoid a revocation of his liquor licenses. We also are satisfied that, at all times pertinent to the plea, Armenakes was apprised of his options and was advised on a step-by-step basis of the contents of the plea form and the proceeding itself, including the readjusted sentence that was undertaken at his insistence. Having represented him in a number of other administrative and criminal matters, his counsel was well acquainted with his client. Neither Armenakes nor his attorney was a stranger to our criminal courtrooms or to each other. In light of the strong presumption in favor of a finding of competent representation by defense counsel, we conclude that Armenakes has failed to present any evidence of ineffective assistance of counsel. *See Figueroa,* 639 A.2d at 500.

Whether one challenges a plea of guilty, *nolo contendere,* or an *Alford* plea, the concern lies with the practical consequences of the plea, and not its formal categorization. *Alford,* 400 U.S. at 37, 91 S.Ct. at 167, 27 L.Ed.2d at 171. This Court frequently has held that a plea of *nolo contendere* is the same as a plea of guilty. *Figueroa,* 639 A.2d at 498; *State v. Feng,* 421 A.2d 1258, 1266 (R.I.1980). Once accepted, a plea of *nolo contendere*

"becomes an implied confession of guilt, and imposition of sentence follows as a matter of course." *Nardone v. Mullen,* 113 R.I. 415, 418, 322 A.2d 27, 29 (1974). Thus, regardless of the type of plea, the result is the same: the defendant stands convicted of the crime. Upon acceptance of his plea by the trial justice and the imposition of sentence, Armenakes was convicted of possession of cocaine and was sentenced to a term of imprisonment, similar to the outcome for Henry Alford, who was sentenced to a thirty-year prison term for second-degree murder. *Alford,* 400 U.S. at 29, 91 S.Ct. at 163, 27 L.Ed.2d at 166–67.

In conclusion, Armenakes knew that the evidentiary odds were stacked against him, coupled with the attendant risks to his livelihood. The applicant elected a plea procedure seemingly beneficial to him and intended to preserve his business licenses. We reject Armenakes's argument that he did not understand the nature and consequences of his plea or that he believed that an *Alford* plea was anything but a criminal conviction. Nor do we agree that his attorney was deficient in any way. Armenakes's assertions are unsupported by the record in this case.

For the reasons stated herein, the applicant's appeal is denied and dismissed and the judgment is affirmed. The papers in this case are remanded to the Superior Court.