Dennis W. LaCHAPPELLE

v.

STATE.

No. 95–641–C.A.

Supreme Court of Rhode Island.

Dec. 11, 1996.

Dennis W. LaChappelle, Pro se.

Lauren Sandler Zurier, Asst. Attorney General, Aaron Weisman, Attorney General, for Defendant.

## OPINION

PER CURIAM.

This matter came before this Court pursuant to an order requiring the applicant, Dennis W. LaChappelle, to appear and show cause why his appeal should not be summarily denied and dismissed. In this case the applicant appeals *pro se* from the denial of his application for postconviction relief filed pursuant to G.L.1956 chapter 9.1 of title 10.

The applicant claims that he was denied effective assistance of counsel. After hearing arguments and reviewing memoranda submitted, the Court concludes that the applicant has failed to show cause.

The relevant facts show that on November 5, 1984, applicant agreed to plead nolo contendere to five counts of conspiracy to deliver a controlled substance and eight other miscellaneous charges. He was sentenced on his plea to fifteen years with six years to serve, nine years suspended, and probation to commence upon release.

While on probation, on February 22, 1992, applicant was arrested and charged with two counts of sexual assault, one against his eleven-year-old niece and one against her mother. Statements from the complaining witnesses indicated that applicant digitally penetrated his niece, giving her $5 to remain quiet about the incident, and he then proceeded to fondle her mother's breasts. Accordingly, following applicant's arrest, the Department of the Attorney General filed a notice of probation violation under Rule 32(f) of the Superior Court Rules of Criminal Procedure, alleging that applicant had violated the terms of his probation. A violation hearing was scheduled for April 13, 1992. We also note that a second violation report unrelated to the instant appeal was filed against applicant on March 9, 1992, for writing five bad checks in 1990.

On April 12, 1992, the day before the scheduled violation hearing, applicant met for the first time with his court-appointed counsel, Assistant Public Defender Richard Brousseau (Brousseau). According to the applicant, Brousseau spent approximately ten minutes discussing the case with him and suggested that he accept a state's plea offer of seven years to serve on both the violation as well as on the two new and pending sexual assault charges. Applicant refused to accept the state's plea offer. He claimed that he was innocent and insisted on proceeding to trial. Applicant asked Brousseau to obtain the victims' medical reports and to begin interviewing witnesses. When Brousseau realized applicant would not accept the state's plea offer, he promptly left and the scheduled hearing was then continued.

On April 27, 1992, the day applicant was next scheduled to appear for his violation hearing, Brousseau met with him for a second time and again urged him to accept the state's plea offer, which by this time had been amended to eight years to serve. The applicant was angered by the offered sentence increase and by Brousseau's failure to interview any witnesses or to obtain medical reports that he believed would exonerate him of the sexual assault charges. In response, Brousseau told applicant that he had no defense and could face a life sentence on the sexual assault charges. He also explained to applicant that the testimony of the victims alone could provide a basis for conviction on the sexual assault charges as well as for a finding that he had violated the terms of his existing probation. He then allegedly told applicant that he had ten minutes to decide whether to accept the offer.

During the afternoon of April 27, applicant decided to accept the state's plea offer and appeared before a justice of the Superior Court to admit to being a violator of probation and to waive indictment on the sexual assault charges. In accordance with Rule 11 of the Superior Court Rules of Criminal Procedure, the trial justice thoroughly advised applicant of his right to have the sexual assault charges presented to a grand jury and of his right to have an indictment returned thereon and his right to a subsequent trial. In response, applicant stated that he understood the rights that he was giving up by entering his plea and accepting the state's offer, and that he was doing so voluntarily. The facts underlying the sexual assault charges were then read to the court, and the applicant agreed that the state could prove the sexual offenses alleged as well as his violation of previous probation. The applicant's only complaint during the entire plea colloquy was that he thought the date of the offense was February 20, 1992, whereas the District Court complaint indicated that the offense took place on February 21, 1992. The applicant also requested that he be ordered into protective custody. He was then sentenced to twenty-five years with eight years to serve, the remaining seventeen years suspended with probation commencing upon release.

On October 13, 1993, applicant filed an application for postconviction relief in the Superior Court, and on April 7, 1994, he filed an amended application alleging that he was denied his right to effective assistance of counsel. In response to the amended application, a hearing before a Superior Court justice was held on March 17, 1995. The applicant there argued that the scant attention he had received from Brousseau and Brousseau's failure to have interviewed witnesses and have obtained their medical reports rendered his plea and waiver of indictment involuntary. The trial justice, after careful review of the hearing evidence, stated that although she could not "in anyway countenance Mr. Brousseau's lack of investigation and preparation for the violation hearing and the limited time he spent with Petitioner," applicant had presented insufficient evidence to suggest that Brousseau's shortcomings had made a material difference in the outcome of the violation and waiver of indictment proceedings. His application was denied and this appeal followed.

 We begin by noting that in reviewing an application for postconviction relief, this Court will not overturn a hearing justice's findings unless those findings are clearly wrong or the hearing justice has overlooked or misconceived material evidence. *State v. Brennan,* 627 A.2d 842 (R.I.1993); *Brown v. Moran,* 534 A.2d 180 (R.I.1987). After review of the applicant's hearing record concerning the pleas and indictment-waiver, as well as his postconviction hearing record, we perceive no error in the hearing justice's decision.

This Court has adopted the standard announced by the United States Supreme Court in *Strickland v. Washington,* when generally reviewing claims of ineffective assistance of counsel. *Brown,* 534 A.2d at 182 (adopting *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Similarly, as the United States Supreme Court did in *Hill v. Lockhart,* this Court uses the *Strickland* standard to review claims of ineffective assistance of counsel in the plea process. *State v. Figueroa,* 639 A.2d 495, 500 (R.I.1994) (adopting *Hill v. Lockhart,* 474

U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

Under this standard a defendant must first show "that counsel's representation fell below an objective standard of reasonableness." *Brennan*, 627 A.2d at 845 (quoting *Strickland*, 466 U.S. at 668, 104 S.Ct. at 2064, 80 L.Ed.2d at 693). Second a defendant must show "a reasonable probability that but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *Figueroa*, 639 A.2d at 500 (citing *Lockhart*, 474 U.S. at 59, 106 S.Ct. at 370, 88 L.Ed.2d at 210). Because "[a] plea of nolo contendere is the substantive equivalent of a guilty plea in Rhode Island," that standard is applicable in this appeal. *See Figueroa*, 639 A.2d at 498.

We conclude that the applicant is unable to meet the second prong by showing that counsel's performance prejudiced his plea. The applicant argues that the medical report evaluating his niece was exculpatory and that counsel's failure to obtain that report was prejudicial. We cannot agree. Although the medical report did not show evidence of hymenal opening or lacerations it clearly stated that the niece suffered from labia with erythema, an abnormal inflammation or reddening of the skin. Furthermore, the failure of counsel to interview witnesses cannot be said to be prejudicial in light of the applicant's own admission to the police on February 22, 1992, that he had given his niece the $5, as reported in the police report, and that the victims were not lying and that he "must have done it." Given that incriminating evidence and the fact that applicant was facing a nine year prison sentence as a probation violator as well as a possible life sentence for one of the two sexual assault crimes, we are unable to accept his argument that he would have refused to enter a plea of nolo contendere, and would have insisted on proceeding to hearing on the state's Rule 32(f) violation charge, and then have stood trial after indictment on the two sexual assault charges. This finding is consistent with our decision in *Crombe v. State*, 607 A.2d 877 (R.I.1992). There we upheld a plea of nolo contendere against a claim of ineffective assistance of counsel in a case in which a defendant was faced with a possible sentence of twenty years on a charge where the State had adequate evidence to convict him. *Id.* at 879.

We agree with the hearing justice that counsel's performance was not so efficient or zealous as is generally expected but we are unable to find that the poor quality of counsel's work would have altered the result. We do note, however in connection with the applicant's complaints regarding the poor quality of counsel's work that it was not within Brousseau's ability to prevent a violation hearing to be scheduled before a trial on the underlying charges. The law does not provide, as the applicant argues, that a defendant who commits criminal acts while on probation must first be tried for the new criminal acts before he can be proceeded against and tried as a violator of existing probation. The filing of a Rule 32(f) violation notice to a probationary defendant and the scheduling of hearings thereon is within the discretion of the Department of the Attorney General.

For these reasons the applicant's appeal is denied and dismissed, and the papers are remanded to the Superior Court.