Andrew BEAGEN

v.

STATE.

No. 96–615–C.A.

Supreme Court of Rhode Island.

Jan. 13, 1998.

Judith Crowell, Providence, Andrew Beagen, for Plaintiff.

Andrea J. Mendes, Aaron L. Weisman, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURICER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on December 1, 1997, pursuant to an order directing the parties to show cause why the issues raised by this appeal should not be summarily decided. The applicant, Andrew Beagen (Beagen or applicant) appealed from a Superior Court order denying his application for postconviction relief pursuant to G.L. 1956 chapter 9.1 of title 10. After hearing the arguments of counsel for the parties and reviewing their memoranda, this Court con-

cludes that cause has not been shown, and the case will be decided at this time.

In December of 1989, applicant was a passenger in a vehicle that was stopped by the Rhode Island State Police narcotics unit. Cocaine was found in the car, and Beagen was charged with possession of one ounce to one kilogram of a controlled substance. The applicant was able to negotiate a plea agreement with the state, according to which he pleaded nolo contendere to a charge of possession of less than one ounce of cocaine with the intent to deliver. Pursuant to the plea agreement, Beagen received a four-year suspended sentence with supervised probation.

On December 12, 1994, while still on probation, applicant was arrested for conspiracy and intent to deliver a controlled substance in violation of 21 U.S.C. § 841(a)(1). After conviction of the offense in the United States District Court for the District of Rhode Island, Beagen was advised that under federal sentencing guidelines, he was subject to a mandatory sentence of twenty years' incarceration because he had been on probation at the time of his arrest. The federal district court judge granted applicant leave to seek postconviction relief of his 1991 conviction in the state court prior to his federal sentencing. Beagen was advised that if he were able to reduce his term of probation *nunc pro tunc* or to withdraw his plea, he would no longer be subject to the enhanced sentence mandated by the federal statute. Beagen's application for postconviction relief was heard and denied in the Superior Court on July 2, 1996, and this appeal followed.

■ The signal issue at a hearing for postconviction relief is whether a defendant knowingly and voluntarily entered his plea. *State v. Dufresne*, 436 A.2d 720, 722 (R.I. 1981). In his application for relief, Beagen asserted that he had not entered his 1991 plea knowingly and voluntarily because he had been inadequately advised about the consequences of his plea. His primary issue on appeal is that relief should have been granted because neither the court nor his counsel had advised him that his plea of nolo contendere could subject him to enhanced jail penalties under federal sentencing guidelines if

he were to be convicted of a federal crime while on probation.

■ As our past cases have made clear, "[a] defendant need only be made aware of the direct consequences of his plea for it to be valid." *State v. Figueroa*, 639 A.2d 495, 499 (R.I.1994) (citing *Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747, 760 (1970)). A consequence is deemed collateral, rather than direct, if its imposition "is controlled by an agency which operates beyond the direct authority of the trial judge." *Figueroa*, 639 A.2d at 499 (quoting *Sanchez v. United States*, 572 F.2d 210, 211 (9th Cir.1977) (per curiam)). It is axiomatic that the federal criminal justice system is outside the authority or control of a Superior Court justice, or any other agent of the State of Rhode Island. The possibility that applicant could face a stiffer sentence in the federal courts in the future was a collateral consequence of his nolo plea. His alleged ignorance of this possibility at the time he pleaded nolo contendere in no way rendered his plea invalid inasmuch as the trial justice's admonition at the time of applicant's plea adequately addressed the relevant considerations.

■ The applicant also contended that he should have been informed that, as a consequence of his nolo plea, he might receive a tax assessment pursuant to the Marijuana and Controlled Substances Taxation Act, G.L.1956 chapter 49 of title 44. The applicant was assessed a tax of $22,400 on March 26, 1990, although he claimed not to have known about this assessment until his receipt of a letter from the Department of Administration, Division of Taxation, dated October 20, 1994. This assessment preceded applicant's nolo plea and, as the Taxation Act makes clear, was completely independent of any criminal proceedings or convictions. The assessment therefore cannot be considered a consequence of applicant's plea, but even if the assessment were a consequence, it would be collateral, and not direct.

■ In addition, applicant argued that his plea was invalid because he was not informed that the case against his codefendant had been dismissed and that applicant's motion to

suppress the evidence from the automobile as unconstitutionally seized might succeed. Again, these issues had all been subsumed under the trial justice's admonition to Beagen at the hearing on the plea agreement. Before accepting applicant's plea at that hearing, the justice appropriately advised Beagen of his constitutional rights and of the consequences of pleading nolo contendere. We concur with the trial justice's summation at the hearing on Beagen's application for postconviction relief:

> "A transcript of the proceedings that occurred in this case on May 2nd, 1991 clearly shows * * * that [Beagen] was advised clearly and succinctly on all of his rights, all of his constitutional rights, not only orally by the Court, which he acknowledged, but also in a written form that he read, that was presented to him that was signed and witnessed by his attorney and also by the Court. So clearly to say that he didn't know what he was doing at the time is something that I find is ludicrous to suggest."

The applicant and his trial counsel successfully negotiated a plea agreement with the prosecution that was extremely favorable to applicant. As the Superior Court justice noted at the postconviction hearing: "[Beagen] received from [the trial court] and through the good graces of the prosecution, a very generous disposition. * * * [H]e could have received up to 50 years in prison and a substantial fine." The applicant was fully advised of his constitutional rights and the direct consequences of his nolo contendere plea, which he knowingly and voluntarily entered. His allegations to the contrary are without merit.

The findings of a trial justice hearing an application for postconviction relief are entitled to stand undisturbed on appeal in the absence of clear error or a showing that material evidence was overlooked or misconceived. *LaChappelle v. State*, 686 A.2d 924, 926 (R.I.1996) (per curiam); *Brown v. Moran*, 534 A.2d 180, 183 (R.I.1987). We discern no error in the trial justice's evaluation of the evidence in the applicant's case or in the justice's application of the relevant law.

Accordingly, we deny and dismiss this appeal and affirm the order of the Superior Court, to which the papers in this case may be returned.