**David HEATH**

v.

**George VOSE et al.**

**No. 98–583–C.A.**

Supreme Court of Rhode Island.

March 22, 2000.

---

Paula Rosin, Paula Lynch Hardiman, Providence, for Plaintiff.

Aaron Weisman, Emily A. Maranjian, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court on February 7, 2000, pursuant to an order entered in accordance with Rule 12A(3) of the Supreme Court Rules of Appellate Procedure, wherein we ordered the applicant, David Heath (Heath or applicant), to appear and show cause why the issues raised in this appeal should not be summarily decided. Heath appealed from the January 27, 1998, denial of his application for post-conviction relief. After hearing the arguments of counsel and examining the memoranda submitted to the Court, we conclude that cause has not been shown. We sustain the appeal of the applicant, vacate his conviction, and remand this case for a new trial.

### Facts and Procedural History

Heath was arrested in April 1993 after the police found him inside the home of an elderly man, Louis Pascone (Pascone), who told the officers on the scene that he had never seen Heath before and had not invited Heath into his home that night. An indictment returned by the grand jury charged Heath with one count of burglary in violation of G.L.1956 § 11–8–1. Heath was convicted on that count following a jury trial and was sentenced to twenty years in prison, ordered to serve ten years at the Adult Correctional Institutions with ten years suspended and probation. He was further declared to be a habitual offender by the trial justice, who imposed an additional sentence of five years to serve, consecutive to the sentence on the underlying burglary conviction. This conviction

was affirmed by this Court in *State v. Heath,* 665 A.2d 1336 (R.I.1995).

Thereafter, Heath filed an application for post-conviction relief pursuant to G.L. 1956 chapter 9.1 of title 10, asserting that his conviction and subsequent sentence were unlawful and void because of the ineffective assistance of his privately retained defense attorney, Joslyn Hall (Hall).[1] Specifically, Heath alleged that his Sixth Amendment rights were violated because of Hall's failure to file for discovery pursuant to Rule 16 of the Superior Court Rules of Criminal Procedure, failure to call any witnesses in connection with his state of intoxication at the time of the burglary, failure to move for a judgment of acquittal at the close of the state's case, failure to request jury instructions on lesser-included offenses, and failure to file a motion for a new trial in a timely manner. A hearing on the application for post-conviction relief was held before the trial justice, who denied the application on January 20, 1998. Judgment entered, and Heath appealed. Additional facts will be supplied as necessary to address Heath's appeal.

## Standard of Review

■ This Court has held that "[t]he findings of a trial justice hearing an application for postconviction relief are entitled to stand undisturbed on appeal in the absence of clear error or a showing that material evidence was overlooked or misconceived." *Beagen v. State,* 705 A.2d 173, 176 (R.I.1998) (citing *LaChappelle v. State,*

686 A.2d 924, 926 (R.I.1996); *Brown v. Moran,* 534 A.2d 180, 183 (R.I.1987)). However, "the ultimate determination concerning whether [a defendant's] constitutional rights have been infringed must be reviewed *de novo.*" *Powers v. State,* 734 A.2d 508, 514 (R.I.1999) (citing *Ornelas v. United States,* 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); *Broccoli v. Moran,* 698 A.2d 720 (R.I.1997); *Mastracchio v. Moran,* 698 A.2d 706 (R.I.1997)).

## Discussion

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court declared that "the Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial." *Id.* at 684, 104 S.Ct. at 2063, 80 L.Ed.2d at 691. A fair trial, according to the Court, is one "in which evidence subject to adversarial testing is presented to an impartial tribunal" for the resolution of issues. *Id.* at 685, 104 S.Ct. at 2063, 80 L.Ed.2d at 692. For that reason, the Court held that the right to counsel plays a crucial role in the adversarial system because "access to counsel's skill and knowledge is necessary to accord defendants the 'ample opportunity to meet the case of the prosecution' to which they are entitled." *Id.* (quoting *Adams v. United States ex rel. McCann,* 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942)). Therefore, this Court and the United States Supreme Court both have recognized that "the right to counsel is the

---

1. In *State v. Dunn,* 726 A.2d 1142 (R.I.1999), this Court noted that "rarely, if ever, following conviction has any federal or state court permitted a defendant who has been represented by private counsel to later question, in post-conviction proceedings, the ineffectiveness or inefficiency of the trial counsel that the defendant chose and selected to represent him or her at trial." *Id.* at 1146 n. 4. However, we recognized that,

   "incompetency (or one of its many symptoms) of private counsel for the defendant in a criminal prosecution is neither a denial of due process under the Fourteenth Amendment, nor an infringement of the

   right to be represented by counsel under either the federal or state constitution, unless the attorney's representation is so lacking that the trial has become a farce and a mockery of justice, in which case the judgment, violating either the Fifth, Sixth, or Fourteenth Amendment[s] to the Federal Constitution, or a provision of a state constitution, is void." *Id.* (quoting Annotation, *Incompetency of Counsel,* 74 A.L.R.2d 1390, 1397 (1960) (superseded by 34 A.L.R.3d 470 (1970), 26 A.L.R.Fed. 218 (1976), 2 A.L.R.4th 27 (1980), 2 A.L.R.4th 807 (1980), 53 A.L.R.Fed. 140 (1981), 18 A.L.R.4th 360 (1982))).

right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763, 773 n. 14 (1970). *See also State v. Cochrane*, 443 A.2d 1249, 1251 (R.I.1982).

With respect to a claim of ineffective assistance of counsel, we have adopted the standard set forth in *Strickland*, which states that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2064, 80 L.Ed.2d at 692–93. *See also LaChappelle*, 686 A.2d at 926; *Brown*, 534 A.2d at 182. *Strickland* set out a two-part test to determine whether counsel's assistance was ineffective:

> "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.

Essentially, the *Strickland* Court stated that counsel's representation will be deemed deficient if it falls below "an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. The Court explained that in order to prove the second prong (that the deficient performance prejudiced the defense), "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

We have previously noted that the *Strickland* Court "cautioned against subjecting counsel's actions to intensive scrutiny when considering an ineffective-assistance-of-counsel claim." *Brown*, 534 A.2d at 182. The Court explained that judges "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. Mindful of this strong presumption, we nonetheless conclude, based on the totality of the omissions committed by Hall, that Heath was deprived of the effective assistance of counsel, thus necessitating a new trial.

The record in this case is devoid of any evidence that Heath entered Pascone's dwelling with the specific intent to commit a felony therein. Moreover, Pascone testified that nothing was missing from his home that evening. Yet, Hall neglected to move for a judgment of acquittal on the offense of burglary in the hope of sending a lesser-included offense of breaking and entering to the jury, nor did she present any defense based upon Heath's intoxication.

On post-conviction relief, the hearing justice rejected Heath's argument that Hall's failure to raise the defense of intoxication amounted to the ineffective assistance of counsel, finding the affidavit testimony of Hall (that Heath had not provided her with the names of any witnesses who could substantiate this defense) to be dispositive of this claim. However, the record discloses that Hall, although aware of Heath's intoxicated state on the night in question, never *discussed* the defense of intoxication with her client, either as a defense at trial or in mitigation at sentencing. Moreover, Hall asked no questions of

any of the state's witnesses relative to Heath's state of intoxication, and failed to move for a judgment of acquittal on the ground that Heath was so intoxicated that he was unable to form the specific intent necessary to sustain a charge of burglary. The hearing justice ruled that he did not believe a more vigorous pretrial investigation by Hall would have assisted the defense of this case, and that even if she had pressed her client for more information, he was convinced that Heath would not have disclosed the names of any witnesses able to substantiate the fact that he was intoxicated the night he was found in Pascone's home. The hearing justice further determined that the only way the defense of diminished capacity could be put before the jury was for Heath to have testified in his own behalf and be subject to impeachment for several previous criminal offenses. Finally, the hearing justice concluded that he viewed with skepticism the use of an intoxication defense as a mitigation of sentence.

In his decision denying Heath's application for post-conviction relief, the hearing justice failed to discuss Hall's neglect to move for a judgment of acquittal, her failure to request discovery from the prosecution, her failure to submit a request to charge any lesser-included offenses, and the fact that she filed a motion for a new trial after the expiration of the ten-day period provided in Rule 33 of the Superior Court Rules of Criminal Procedure.[2]

The *Strickland* Court explained that in considering a claim of ineffective assistance of counsel, a court shall "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S.

at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695. We conclude that in his bench decision, the hearing justice failed to consider the plethora of actual and identified deficiencies in Hall's conduct, and overlooked several glaring omissions in her representation of Heath. Although a single failure or omission on the part of privately retained counsel is unlikely to meet the *Strickland* threshold, the representation in this case was so deficient in so many respects, including pretrial preparation, presentation, and post-trial motions and sentencing, that when viewed in its entirety, in the context of a trial transcript barely fifty-four pages long, was so grossly lacking and deficient that we simply have no confidence in the outcome of this criminal proceeding.

Although mindful that a defendant seeking a new trial on the basis of the denial of the effective assistance of counsel bears the heavy burden of demonstrating not only that the deficient performance prejudiced his defense, but that "counsel's errors were so serious as to deprive the defendant of a fair trial," *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693, we are satisfied that Hall's representation was so wanting in all respects as to amount to a complete absence of a defense. Accordingly, we conclude that Heath is entitled to a new trial.

### Conclusion

For the foregoing reasons, we sustain the appeal of the applicant, vacate his conviction, and remand this case for a new trial.

---

**2.** We note that this is not a case of a deliberate bypass by a seasoned defense attorney, nor is it a case where a strategic decision not to move for a new trial was made. Rather, counsel in this case actually filed a motion for a new trial out of time, thus rendering the effort a nullity. We are equally satisfied that the omissions of counsel in this case are not efforts to sandbag this experienced jurist. "Sandbagging" has been described as "de-

fense lawyers, who may take their chances on a verdict of not guilty in a state trial court with the intent to raise their constitutional claims * * * [later] * * * if their initial gamble does not pay off." *State v. McGehearty*, 121 R.I. 55, 62 n. 7, 394 A.2d 1348, 1352 n. 7 (1978) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 89, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594, 609 (1977)).