Joseph W. **SALVATORE**

v.

**STATE.**

No. 99–27–C.A.

Supreme Court of Rhode Island.

Feb. 15, 2001.

Jason M. Gramitt, for Plaintiff.

Lauren Sandler Zurier, Aaron L. Weisman, Providence, for Defendant.

Present WEISBERGER, C.J., LEDERBERG, FLANDERS, and GOLDBERG, JJ.

**OPINION**

PER CURIAM.

This case came before this Court for oral argument on January 22, 2001, pursuant to an order that directed both parties to appear in order to show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown. Therefore, this appeal shall be decided at this time.

Joseph W. Salvatore (Salvatore or applicant) has appealed from a denial of his application for post-conviction relief. The gravamen of his application was a request that a plea of *nolo contendere* entered February 14, 1996 to charges of deriving financial support from prostitution, pandering, transporting for indecent purposes, money laundering, and violations of the Racketeer Influenced and Corrupt Organizations (RICO) statute should be vacated and the charges contained in the indictment should be reinstated for trial.

On February 14, 1996, applicant entered a plea of nolo contendere to four counts: count 1 (deriving financial support from prostitution), count 2 (pandering), count 4 (money laundering), and count 5 (RICO violations). Count 3 (transporting for indecent purposes) had been dismissed pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure. A justice of the Superior Court, after extensive colloquy, sentenced applicant as follows. On count 4 (money laundering), applicant was sentenced to twenty years to serve at the Adult Correctional Institutions (ACI). The sentence was made retroactive to November 14, 1994. In respect to count 5

(RICO violations), applicant was sentenced to ten years suspended. In respect to counts 1 and 2, applicant was sentenced to five years for each count, with five years probation. All probationary periods were to commence upon the release of Salvatore from the sentence imposed with respect to count 4. The suspended and probationary sentences were ordered to run concurrently. The applicant forfeited $15,323.12. The sentencing justice ordered that $5,000 be returned to him.

At the time of the sentence, applicant was represented by attorney Richard A. Gonnella (attorney Gonnella or counsel). Attorney Gonnella had discussed with him the contents of a written request to enter a plea of *nolo contendere*. This written request set forth all the sentences that were to be imposed and further set forth all the rights that Salvatore was waiving by entering such a plea. In addition, the sentencing justice admonished applicant concerning each right that he was waiving by entering his plea.

In addition, the prosecutor set forth the elements that the state would prove against applicant and certain codefendants. At the conclusion of the prosecutor's summation of the state's case, applicant accepted the prosecutor's statements as true.

The prosecutor then proceeded to outline the proposed sentences, all of which had been set forth in the request to enter the plea. At the conclusion of the prosecutor's proposal for imposition of sentence, the justice again admonished Salvatore that if he imposed those sentences he could not later change his mind.

The applicant posed a question concerning his eligibility for parole to his counsel. Counsel informed the court that he had told Salvatore that he would be eligible for parole. The court agreed. The sentencing justice again described the sentences that would be imposed and said they would be served concurrently with another sentence that Salvatore then was serving as a probation violator. The sentencing justice asked applicant whether he had any ques-

tions. The applicant answered that he had none. Salvatore's counsel corrected some language in respect to count 4, which the court accepted. The sentencing justice then found there was a knowing waiver of rights and a factual basis for the plea. He accepted the plea and asked Salvatore whether he wished to say anything before sentence was pronounced. Salvatore then apologized to the state and to his family.

Salvatore later filed an application for post-conviction relief based upon the allegedly ineffective assistance of his counsel. Although the applicant was represented by attorney Gonnella at the sentencing proceeding, he previously had been represented by attorney Eugene Toro (attorney). Attorney Toro had negotiated the plea offer with the prosecutor and had communicated the plea offer to Salvatore at the ACI through his son, who was then a law student. The function of the son was solely that of a messenger. He described the offer of the prosecutor and also informed applicant that this offer also included the dismissal of certain charges of child molestation that were then pending. The potential penalty in respect to the child molestation charges would have been life imprisonment. During an evidentiary hearing on his application, Salvatore said that he was "scared stiff" of the first-and second-degree child molestation charges.

At the time that attorney Toro negotiated the plea agreement and transmitted the information to Salvatore, attorney Toro was seriously ill. He was unable to attend the sentencing hearing. It was for that reason that attorney Gonnella represented Salvatore at that proceeding.

On cross-examination during the hearing on his application for post-conviction relief, Salvatore testified that he had a bachelor's degree from Rhode Island College, a master's degree from Providence College, and had been employed as a teacher of mathematics in the Warwick school system. It was further disclosed that on November

19, 1991, after plea negotiations, he had pled *nolo contendere* to a charge of second-degree sexual assault.

After an evidentiary hearing, the same Superior Court justice who had imposed sentence found as a fact that Salvatore had not persuaded him by a fair preponderance of the evidence that the plea was involuntary or coerced, or that applicant did not understand fully the court proceedings at the time of his sentence. He further found that applicant had every reason to enter into the plea agreement and that there was no basis for granting his application. In light of the applicant's fully understanding the plea agreement, the trial justice did not consider attorney Toro's illness as having in any way prejudiced applicant. He, therefore, found it unnecessary to consider whether attorney Toro's services had been ineffective.

It appears that Salvatore's chief complaint arose out of his learning after entering his pleas that a codefendant, who was also charged with sexual assault, had his charges dismissed. At the post-conviction hearing, Salvatore alleged that his codefendant's sexual molestation charges had been dismissed eight months before his own entry of a *nolo* plea. He criticized attorney Toro for failing to investigate the status of the sexual molestation charges pending against his codefendant. However, an examination of the record discloses that the sexual molestation charges against his codefendant were not dismissed before he entered his plea, but in fact were dismissed by administrative order three years after Salvatore had pleaded.

The trial justice had determined after the evidentiary hearing that he found incredible Salvatore's assertion that he would have gone to trial had he known of the dismissal of the codefendant's sexual molestation charges. Obviously this finding is supported by the record, since the dismissal had not occurred at that time.

After the trial justice had found there was no basis for granting Salvatore's application, he filed a notice of appeal. Thereafter, he again appeared before the trial justice *pro se* (he had earlier been represented by counsel) and asked the trial justice to reconsider his decision. At a final hearing on January 6, 1999, the trial justice dismissed all motions that were outstanding relating to Salvatore for post-conviction relief.

We have held that the findings of a trial justice in respect to an application for post-conviction relief are entitled to stand undisturbed on appeal in the absence of clear error or a showing that material evidence was overlooked or misconceived. *See Heath v. Vose*, 747 A.2d 475, 477 (R.I. 2000). We are persuaded from the totality of evidence in this case that the trial justice did not overlook or misconceive any material evidence, nor was he otherwise clearly wrong. The illness of attorney Toro did not prejudice applicant in any way. He was presented with a proposed plea agreement that he voluntarily accepted with complete knowledge of all ramifications and consequences thereof. The applicant's comparison of his sentence with that of his codefendant's is of no assistance to him. Attorney Toro had negotiated a favorable plea agreement. Attorney Gonnella represented Salvatore at the time of sentencing. The sentencing justice in his colloquy impeccably admonished Salvatore concerning the nature and quality of his plea and all rights that he was waiving in entering such a plea. No evidence of prejudice to this applicant was presented on his application for post-conviction relief.

Therefore, the appeal of the applicant is denied and dismissed. The judgment of the Superior Court is affirmed. The papers in the case are remanded to the Superior Court.

BOURCIER, J., did not attend oral argument, but participated on the basis of the briefs.