DECISION
Before the Court is Petitioner's application for post-conviction relief. In 2003, Petitioner was arrested and charged with possession of cocaine with intent to deliver. At that time, he was on a lengthy probationary sentence stemming from a 1996 conviction. After the Petitioner admitted violation, the Court revoked 12 years of his 1996 suspended sentence. He later pled nolo contendere to the 2003 charge and was sentenced to 30 years at the Adult Correctional Institution, with 14 years to serve and 16 years suspended with probation. The Petitioner now seeks post-conviction relief from both the finding of violation and the subsequent conviction on the 2003 charge, pursuant to G.L. 1956 §10-9.1-1. The State of Rhode Island ("State") has moved to dismiss the Petitioner's application.
 I Facts and Travel
On January 25, 1996, the Petitioner was arrested and charged with possession of cocaine with intent to deliver. The Petitioner later pled nolo contendere to the charge on February 15, 1996 (No. P1-1996-0582). For that plea, the Petitioner received a sentence of 30 years imprisonment, with 10 years to serve and 20 years suspended with probation. *Page 2 
After serving over five years of that sentence, the Petitioner was paroled in October of 2001, and was placed on probation for the balance of the suspended sentence. On January 17, 2003, the Petitioner was arrested again and charged with possession of cocaine with intent to deliver (K2-2003-0220A). He was also charged with being a violator of the terms of his probation on the 1996 charge. On September 17, 2003, the Petitioner waived his right to a violation hearing, admitted to violating the terms of his probation, and was sentenced to serve 12 years of the 20 year suspended sentence. On January 9, 2004, the Petitioner pled nolo contendere to the 2003 charge and was sentenced to a term of 30 years imprisonment, with 14 years to serve and 16 years suspended.
On March 30, 2006, the Petitioner filed the instant application for post-conviction relief, with a memorandum ("Petitioner's Memorandum") and an affidavit from Albertus Bruce ("Bruce Affidavit"). In his application, the Petitioner argues that he was denied effective assistance of counsel on the 2003 charge, as guaranteed by theSixth Amendment of the United States Constitution and the Rhode Island State Constitution, Article I, Section 10. The Petitioner claims that his privately-retained counsel[1] ("Attorney A") failed to secure a Franks Hearing[2] to challenge the identification evidence and the allegedly manufactured evidence in the warrant and affidavit upon which he was *Page 3 
arrested. However, the record reveals that on Friday, October 24, 2003, the hearing court granted the Petitioner's request for a Franks Hearing and scheduled it for Monday, October 27, 2003. At the Franks Hearing, the Petitioner's alibi witness did not appear in court, and the hearing judge refused the Petitioner's request to issue a bench warrant to secure his appearance at another hearing. Accordingly, the Franks Hearing could not proceed, and the Petitioner subsequently entered a plea of nolo contendere to the 2003 charge.[3]
The Petitioner also argues that the representation by Attorneys A and B caused him to suffer substantial prejudice through their actions, inactions, negligence, and unfamiliarity with the Petitioner and his case. At the outset, the Petitioner is critical of the fact that he only hired Attorney A to represent him and that he never hired Attorney B, though no objection to Attorney B representing him is documented in the entire record. With respect to Attorney A, the Petitioner claims that said attorney prejudiced his rights by failing to investigate, communicate, or interview an alleged alibi witness. The Petitioner also claims that Attorney B's representation fell below reasonable standards because she failed to investigate his allegedly exculpatory evidence. The Petitioner further claims that Attorney B was using drugs throughout her representation of the Petitioner. The Petitioner contends that Attorney B's alleged concurrent drug use with her representation of the Petitioner renders her counsel ineffective. In support of this last *Page 4 
contention, the Petitioner has filed the Bruce Affidavit. Mr. Bruce asserts that while he was an employee of Attorney B, he witnessed her drug use.
 II Claims of Ineffective Assistance of Counsel A The Strickland Standard
Claims of ineffective assistance of counsel are rooted in theSixth Amendment of the United States Constitution and, in the Rhode Island Constitution, by Article I, Section 10. For almost forty years, the federal courts have "recognized that the right to counsel is the right to the effective assistance of counsel." McMann v. Richardson,397 U.S. 759, 771 n. 14 (1970). Similarly, the Rhode Island Supreme Court has long recognized that the federal and state constitutions guarantee effective assistance of counsel. State v. Desroches, 110 R.I. 497, 293 A.2d 913,915 (1972). "`Effective' does not mean successful. It means conscientious, meaningful representation wherein the accused is advised of his rights and honest, learned and able counsel is given a reasonable opportunity to perform the task assigned to him." State v. D'Alo,477 A.2d 89, 91 (R.I. 1984) (quoting Desroches, 293 A.2d at 916).
Today, claims of ineffective assistance of counsel are analyzed according to the United States Supreme Court's opinion inStrickland v. Washington, 466 U.S. 668 (1984). According to the Supreme Court, the right to effective assistance of counsel recognizes that counsel is charged with "ensur[ing] a fair trial" by "advocat[ing] the defendant's cause." Id. at 686, 688. "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. The Strickland Court issued a two-pronged standard requiring the petitioner to show that trial *Page 5 
counsel's performance was deficient and that the deficiency prejudiced the defendant. Id. at 687.
Under the deficiency prong, the defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."Id. at 690. Importantly, courts distinguish between unreasonable actions or omissions and tactical decisions made as part of counsel's trial strategy. "[M]ere tactical decisions, though ill-advised, do not by themselves constitute ineffective assistance of counsel." Toole v.State, 748 A.2d 806, 809 (R.I. 2000). "[A] court must distinguish between tactical errors made as a result of ignorance and neglect and those arising from careful and professional deliberation. . . . `Thus, a choice between trial tactics, which appears unwise only in hindsight, does not constitute constitutionally-deficient representation under the reasonably competent assistance standard.'" D'Alo, 477 A.2d at 92
(quoting United States v. Bosch, 584 F.2d 1113, 1121 (1st Cir. 1978)).
To satisfy the prejudice prong, "`[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Brown v. Moran, 534 A.2d 180, 182 (R.I. 1987) (quoting Strickland, 466 U.S. at 694). In Rhode Island, "`prejudice exists if there is a reasonable probability that, absent counsel's deficient performance, the result of the proceeding would have been different.'" Larngar v. Wall, 918 A.2d 850, 856 (R.I. 2007) (quoting State v. Figueroa, 639 A.2d 495, 500 (R.I. 1994)). *Page 6 
The Rhode Island Supreme Court has repeatedly endorsed the Strickland standard. See e.g., Moniz v. State, No. 2006-211, at 7 (R.I. 2007);Heath v. Vose, 747 A.2d 475, 478 (R.I. 2000); Brown, 534 A.2d at 182. Recently, our Supreme Court stated that it "will reject an allegation of ineffective assistance of counsel `unless the attorney's representation [was] so lacking that the trial has become a farce and a mockery of justice.'" Moniz, No. 2006-211, at 7 (quoting State v. Dunn,726 A.2d 1142, 1146 n. 4 (R.I. 1999)). Under this standard, the critical concern is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Heath, 747 A.2d at 478 (quotingStrickland, 466 U.S. at 686). Moreover, the court must make this determination in consideration of all the trial circumstances.Heath, 747 A.2d at 478 (quoting Strickland, 466 U.S. at 688). A claim of ineffective assistance is shown only if counsel's representation "amount[ed] to a complete absence of a defense." Heath, 747 A.2d at 479. Each claim is analyzed separately. See Alessio v. State, 924 A.2d 751,753-54 (R.I. 2007); Evans v. Wall, 910 A.2d 801, 804-06 (R.I. 2006);Bryant v. Wall, 896 A.2d 704, 707-08 (R.I. 2006).
The standard set forth in Strickland has rightly been characterized as "highly demanding." Kimmelman v. Morrison, 477 U.S. 365, 382 (1986). In addition to the two-pronged test, "counsel is strongly presumed to have rendered adequate assistance." Strickland, 466 U.S. at 690. Nonetheless, the Strickland standard is "by no means insurmountable."Kimmelman, 477 U.S. at 382. *Page 7 
 B (1) State's Motion to Dismiss
The State has moved to dismiss the Petitioner's application for post-conviction relief. The State contends State v. Seamans,935 A.2d 618 (R.I. 2007), is controlling in the instant matter.
In Seamans, the Rhode Island Supreme Court held that after a defendant has been found to have violated the terms of his probation and later argues that the trial judge abused his discretion in sentencing the defendant as a probation violator, the appeal is rendered moot by the defendant's subsequent nolo contendere plea to the underlying charge.935 A.2d at 623. The Court noted that a defendant's plea of nolo contendere is equivalent to a plea of guilty. Id. (quoting State v.Feng, 421 A.2d 1258, 1266 (R.I. 1980)). Thus, the "admission of guilt to the underlying criminal offense is tantamount to an admission of fault with respect to the probation violation." Id.
The record evidences that the Petitioner admitted to violating the terms of his probation on September 17, 2003. Before a Superior Court Justice, the Petitioner had the following colloquy with the Court:
 COURT: And do you understand that you have been presented as a violator, and that we are ready, willing, and able to conduct a hearing on the charge of violation? As a matter of fact, the witnesses are actually in the building, as I understand it.
 PETITIONER: Yes.
 COURT: Do you understand that the legal issues that might benefit you on a trial on the new charges might not benefit you on a hearing on violation; and that the burden is whether I'm reasonably satisfied that you were not of good behavior, consistent with your obligation as someone on probation; do you understand that?
 PETITIONER: Yes. *Page 8 
 COURT: You wish to waive the violation hearing and admit violation?
 PETITIONER: Yes, Your Honor.
 COURT: Okay. I find that you have the capacity to understand the nature and consequences of waiving the violation hearing, and that you're doing so voluntarily. You are doing so voluntarily, sir?
 PETITIONER: Yes. (September 17, 2003 Violation Tr. at 2-3.)
 . . .
 COURT: Before I sentence you on violation, is there anything you want to say, sir?
 PETITIONER: No, Your Honor. (September 17, 2003 Violation Tr. at 4.)
On January 9, 2004, the Petitioner pled nolo contendere to the 2003 charge of possession of cocaine with intent to deliver. Applying theSeamans reasoning, the Petitioner's nolo contendere plea to the 2003 charge is tantamount to an admission of fault with respect to the probation violation. Therefore, the Petitioner's application for post-conviction relief, which contends that he is entitled to a lesser sentence on the probation violation, is rendered moot by his subsequent nolo contendere plea to the underlying charge.
However, if the Petitioner had received deficient advice from counsel, then his waiver of a violation hearing and subsequent nolo contendere plea would not have been entered into knowingly, intelligently, and voluntarily. See Boykin v. Alabama, 395 U.S. 238, 23 L. Ed. 274,89 S. Ct. 1709 (1969) (United States Supreme Court held that a plea of guilty or nolo contendere must be made knowingly, intelligently, and voluntarily.) Therefore, Seamans would not be dispositive with respect to the mootness of the *Page 9 
Petitioner's application if he had received ineffective assistance of counsel. Accordingly, this Court will review the claims of ineffective assistance of counsel in the Petitioner's application.
 (2) Attorney A and the Franks Hearing
The Petitioner contends that Attorney A's representation violated his right to effective assistance of counsel, as guaranteed by theSixth Amendment of the United States Constitution, the Rhode Island State Constitution, Article I, Section 10, and Strickland v. Washington,466 U.S. 668 (1984). The Petitioner argues that his privately-hired counsel was ineffective because he failed to secure a Franks Hearing before his violation hearing. As the Petitioner contends, his sentence on the probation violation would have been less if Attorney A had been able to present his alleged alibi witness at the Franks Hearing.
In the instant case, this Court notes that the Petitioner was afforded a Franks Hearing on October 27, 2003. Accordingly, the Petitioner's claim that he was denied a Franks Hearing is unsupported by the record and Petitioner's own admission that he was "finally afforded a Franks Hearing." Id. Therefore, this claim is without merit.
With respect to the timing of the grant of the Franks Hearing and the actual hearing, the Petitioner contends that "when [he] was finally afforded a Franks Hearing, neither Petitioner or his ineffective counsel had time to prepare." Id. The Petitioner described Attorney A's attempt to secure the testimony of an alleged alibi witness as unsuccessful. The Petitioner contends that Attorney A served a subpoena on the alleged alibi witness on Saturday, October 25, 2003, but the witness failed to appear at the hearing on the following Monday. The Petitioner now argues that Attorney A was *Page 10 
ineffective because he did not "investigate, communicate with, or interview the witness." Id.
The Rhode Island Supreme Court has held "that a showing of deliberate or reckless material omissions from an affidavit submitted in support of a warrant application would require a Franks hearing if the other requirements for such a hearing are met." State v. Verrecchia,880 A.2d 89, 99 (R.I. 2005) (quoting State v. DeMagistris, 714 A.2d 567, 575 n. 3 (R.I. 1998)). In order to get such a hearing, the court must conduct a two-part test:
 [f]irst, the defendant must make an offer of proof that the misleading aspect of the warrant application is traceable to the affiant's intent to deceive the magistrate issuing the warrant or that the affiant proceeded with reckless disregard for the veracity of the statements included in his or her affidavit. Second, the defendant must demonstrate that the falsehood was material in that there would have been no probable cause to issue the warrant if the magistrate had been honestly informed. DeMagistris, 714 at 575.
In DeMagistris, the Supreme Court reviewed the Franks doctrine, noting,
 [t]here is, of course, a presumption of validity with respect to the affidavit supporting a search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and a statement of supporting reasons should accompany them. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. Id. at 574. (quoting Franks v. Delaware, 438 U.S. at 171-72).
 DeMagistris requires that sworn or otherwise reliable statements of witnesses must be furnished to the hearing judge. Therefore, the Petitioner's allegations of falsehood were required to be accompanied by an offer of proof, i.e. presenting the *Page 11 
testimony of the allegedly material alibi witness. Here, the witness' failure to appear in court cannot be imputed to any shortcoming of Petitioner's counsel, but rather the Petitioner's failing to meet his evidentiary burden. The hearing judge's refusal to issue the bench warrant resulted from the Petitioner's failure to "satisfactorily explain" the absence of the allegedly material alibi witness at the Franks Hearing.
With respect to the Petitioner's claim that he was denied effective assistance of counsel from Attorney A, this Court looks to theStrickland standard as followed by the Rhode Island Supreme Court inBrown v. Moran, 534 A.2d 180 (R.I. 1987). Under the deficiency prong ofStrickland and Brown, this Court analyzes whether Attorney A's claimed failure to "investigate, communicate with, or interview the witness" fell below the range of reasonable professional judgment in securing the witness' presence at the Franks Hearing.
A review of the record evidences that Attorney A attempted to serve a subpoena on the alleged witness. Attorney A's "attempts failed," and "the witness never materialized." See Petitioner's Memorandum. Accordingly, this Court is satisfied that Attorney A acted with reasoned professional judgment and performed his duty as counsel with due diligence. The Petitioner has failed to meet the deficiency prong ofStrickland and show that Attorney A provided him ineffective assistance of counsel prior to and at his violation hearing.
The Petitioner also asserts that Attorney A was simply "ineffective."Id. Beyond the only concrete example of alleged ineffectiveness above, the Petitioner has otherwise failed to describe specific instances of Attorney A's errors or omissions which fell below the range of reasonable professional judgment. Because the Petitioner has only made a *Page 12 
passing reference to this issue, this Court cannot conduct a thorough review. "Without a meaningful discussion thereof or legal briefing" on this issue, this Court deems the mere allegation that Attorney A was ineffective as waived. See Wilkinson v. State Crime LaboratoryCommission, 788 A.2d 1129, 1131 n. 1 (R.I. 2002).
To satisfy the prejudice prong of Strickland, the Petitioner is required to show that there is a reasonable probability that but for Attorney A's allegedly unprofessional errors, his resulting sentence would have been less. Brown v. Moran, 534 A.2d 180, 182 (R.I. 1987) (quoting Strickland, 466 U.S. at 694). The Petitioner has failed to describe what the testimony of the alibi witness would have proven, assuming that the hearing judge would have found it credible. See Statev. Lemon, 478 A.2d 175 (R.I. 1984). Furthermore, the Petitioner has failed to demonstrate how the witness' testimony would entitle him to a lesser offense or a reduced sentence. Moreover, this Court is unable to comprehend how the Petitioner's allegations of ineffectiveness are in any way attributable to Attorney A's unsuccessful attempts to bring the alleged witness to court. Although unsuccessful, nothing suggests that Counsel's efforts were anything but appropriate and professional. The Petitioner has failed to show that, but for Attorney A's alleged ineffectiveness, the Petitioner's sentence or charge would have been less.
At the outset, this Court notes that with applications for post-conviction relief where private counsel has been retained,
 "rarely, if ever, following conviction has any federal or state court permitted a defendant who has been represented by private counsel to later question, in post-conviction proceedings, the ineffectiveness or inefficiency of the trial counsel that the defendant chose and selected to represent him or her at trial." State v. Dunn, 726 A.2d 1142, 1146 n. 4 (R.I. 1999) (quoting Annotation, Incompetency of Counsel, 74 A.L.R.2d 1390, 1397 (1960)). *Page 13 
Pursuant to the deferential analysis with which this Court must review counsel's performance, this Court finds that the Petitioner has failed to satisfy the prejudice standard of Strickland and demonstrate that Attorney A violated his right to effective assistance of counsel. This Court finds that the counsel which Attorney A rendered did not rise to the level of constituting a "mockery of justice" and did not cause any proceeding to become a "farce." See State v. Dunn, 726 A.2d 1142, 1146
n. 4 (R.I. 1999).
 (3) Attorney B's Ineffective Representation and Alleged DrugUse
The Petitioner also generally contends that he suffered substantial prejudice through Attorney B's actions, inactions, negligence, lack of communication, and unfamiliarity with the Petitioner and his case. The Petitioner contends that Attorney B failed to appear at court proceedings, failed to file motions, and was out of contact with the Petitioner. The Petitioner also claims that it was deficient for Attorney B not to investigate his alleged alibi witness. The Petitioner argues that Attorney B substantially prejudiced his right to effective assistance of counsel and that her conduct fell below reasonable professional standards. Furthermore, The Petitioner has also alleged that Attorney B was engaged in illegal drug use throughout the representation.
Regarding the Petitioner's claim that Attorney B failed to interview an alleged alibi witness, this Court is guided by LaChappelle v.State, 686 A.2d 924 (R.I. 1996), and Delahunt v. State, 440 A.2d 133
(R.I. 1982). In LaChappelle, the petitioner argued that the scant attention he had received from counsel and counsel's failure to have interviewed witnesses rendered his plea and waiver of indictment involuntary. After a careful review of the hearing evidence, the trial justice in LaChappelle stated that although she could not *Page 14 
"`in anyway countenance [counsel's] lack of investigation and preparation for the violation hearing and the limited time he spent with Petitioner,' [the] applicant had presented insufficient evidence to suggest that [counsel's] shortcomings had made a material difference in the outcome of the violation and waiver of indictment proceedings."686 A.2d at 926.
In Delahunt, the petitioner was tried by a jury and found guilty of assault with intent to rob. Later, the petitioner claimed that his counsel failed to investigate his alibi witness. The Supreme Court held that counsel appropriately prepared and investigated his case, finding that the petitioner had "not demonstrated . . . how counsel's failure to so investigate affected his ability to defend [the petitioner] at trial." 440 A.2d at 136.
In the instant case, the Petitioner contends that his allegedly material alibi witness would have supplied sufficient and credible testimony to either reduce his charge or lessen his sentence. However, this Court notes that the Petitioner was found to have approximately one and one-half ounces of cocaine on his person when he was arrested in 2003. Upon the later execution of the search warrant at his residence in 2003, the Warwick Police found more cocaine, steroids, drug paraphernalia, a scale, and plastic bags. In light of the overwhelming evidence that the Petitioner possessed and was selling drugs, this Court finds that Petitioner was not prejudiced by Attorney B's alleged failure to investigate his alibi witness. Mindful of Attorney A's unsuccessful attempt to subpoena this witness, this Court is further satisfied that Attorney B rendered competent counsel. Accordingly, the Petitioner has failed to demonstrate how his alleged witness could have reduced his sentence or lessened his charge. *Page 15 
To prevail on a claim for ineffective assistance of counsel, the Petitioner must show that Attorney B's performance was deficient. Under the first prong of the Strickland standard, the Petitioner is required to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."Strickland, 466 U.S. at 690. Regarding the remainder of the Petitioner's general claims of ineffectiveness, he asserts that counsel was negligent, inattentive, failed to appear at court, and failed to file motions.
This Court notes that the United States Court of Appeals for the Sixth Circuit rejected a claim for ineffective assistance of counsel which was brought on similar grounds:
 "Even granting [defendant] the assumption that his relationship with is lawyers was not what it should have been, he has not shown how that failing affected the advocacy they provided him. See Wheat v. United States, 486 U.S. 153, 159, 108 S. Ct. 1692, 100 L. Ed. 2d 140 (1988) (`in evaluating Sixth Amendment [right-to-counsel] claims, the appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such') (quotation marks omitted). [Defendant] has given us no explanation how additional meetings with his counsel, or longer meetings with his counsel, would have led to new or better theories of advocacy or otherwise would have created a `reasonable probability' of a different outcome. Under these circumstances, he cannot establish an essential prerequisite for relief — a showing of prejudice — and accordingly the claim cannot succeed." Hill v. Mitchell, 400 F.3d 308, 324-25
(6th Cir. 2005) (quoting Evans v. Wall, 910 A.2d 801, 805 (R.I. 2006)).
This Court cannot conduct a thorough analysis of Attorney B's allegedly ineffective performance without the Petitioner's identification of what counsel specifically should have done or what counsel failed to do. It is insufficient for the Petitioner to generally allege that motions should have been filed without identifying what motions counsel failed to file. Similarly, it is insufficient for the Petitioner to argue *Page 16 
that counsel failed to appear in court without identifying when she failed to appear and further identifying actual prejudice resulting from such failure to appear. Accordingly, this Court "strongly presumes" that counsel's conduct falls within the wide range of reasonable professional assistance. See Jacques v. State, 669 A.2d 1124, 1149 (R.I. 1994) (quoting Strickland, 466 U.S. at 699).
With respect to the Petitioner's claim that he only hired Attorney A and never hired Attorney B, this Court finds that the Petitioner never objected to Attorney B as counsel. The Petitioner's numerous court appearances provided him with ample opportunity to express his displeasure with his privately-retained counsel's performance, though no record of any objection can be found. At the September 17, 2003 hearing, the hearing judge asked the Petitioner, "is there anything you want to say, sir?" The Petitioner replied, "[n]o, Your Honor." (September 17, 2003 Violation Tr. at 4.) Accordingly, this Court deems the claim to be without merit.
Lastly, the Petitioner has alleged that counsel was using illegal drugs during her representation of the Petitioner. Similarly, inLarngar v. Wall, a claim of ineffective assistance of counsel against Attorney B also alleged that counsel used illegal drugs. 918 A.2d 850
(R.I. 2007). At the post-conviction relief hearing in Larngar, the petitioner's counsel intended to present the same Bruce Affidavit that the Petitioner has filed. While the judge did not bar the introduction of the evidence of counsel's alleged drug use, the judge cautioned that the only relevant evidence would be that which had an impact on counsel's ability to defend the petitioner. Counsel later opted not to present the evidence. Id. at 865. *Page 17 
In the instant case, the Petitioner has failed to show how counsel's alleged drug use has had any impact on the quality of her representation or performance as an advocate. While this Court does not lightly dismiss such an allegation, this Court finds that the Petitioner has failed to draw a nexus between counsel's alleged drug use and her claimed ineffective representation of the Petitioner. Accordingly, the Petitioner has neither proven that Attorney B's representation fell below reasonable standards nor has he proven prejudice to his rights.
 Conclusion
This Court is mindful that an applicant for post-conviction relief who alleges that his private counsel's assistance was ineffective must bear a "heavy burden[.]" Heath, 747 A.2d at 479. The Petitioner here has failed to satisfy this "highly demanding" standard. The Petitioner has not demonstrated that his counsels' assistance — with respect to securing the alleged alibi witness and their general representation in the face of his nolo contendere plea and possession of cocaine with intent to deliver — fell below the reasonably competent level such that the outcome would be different. Accordingly, the Petitioner's application for post-conviction relief is hereby denied, and the State's Motion to Dismiss Petitioner's Application for Post-Conviction Relief is granted. Counsel shall submit the appropriate judgment for entry.
[1] This Court notes that the Petitioner retained private counsel to represent him at his 1996 nolo contendere plea and sentence. The Petitioner later retained a different private attorney relative to his 2003 charge and the violation hearing. For the 2003 charge, two different attorneys appeared on behalf of the Petitioner. For purposes of this decision, the first attorney will be referred to as "Attorney A," and the second attorney will be "Attorney B." Attorney B was employed by Attorney A, and both attorneys appeared on behalf of the Petitioner.
[2] See Franks v. Delaware, 438 U.S. 154, 98 S. Ct. 2674 (1978). The United States Supreme Court held that a defendant is entitled to a hearing to challenge the integrity of a warrant obtained through the deliberate or reckless inclusion of false or misleading material statements in the warrant application and affidavit. The Supreme Court also held that there is a presumption of validity with respect to the affidavit supporting the search warrant. To be entitled to an evidentiary hearing, the defendant must allege deliberate falsehood or reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.
[3] In his application, the Petitioner contends that the hearing judge prejudiced his rights because he denied the Petitioner's request to issue a bench warrant for the witness' appearance. This Court declines to address this argument because such a claim is not properly part of a petition for post-conviction relief due to ineffective assistance of counsel. When reviewing an application for post-conviction relief, this Court will not overturn the hearing justice's decision in the absence of clear error or a showing that the hearing judge overlooked or misconceived material evidence. State v. Moran, 534 A.2d 180 (R.I. 1987); State v. D'Alo, 477 A.2d 89 (R.I. 1984); State v. Dufresne,436 A.2d 720 (R.I. 1981). Because the Petitioner has failed to prove that the hearing judge committed a clear error or overlooked or misconceived material evidence, this claim is without merit. *Page 1