DECISION
The Petitioner, Liduina Madruga, seeks post-conviction relief from her sentence in P2/05-0963B. Petitioner was charged with fraudulently obtaining public assistance and conspiracy to fraudulently obtain public assistance. Petitioner was represented by John Cotoia of the Rhode Island Public Defender's Office. On March 7, 2006, Petitioner entered pleas of nolo contendere to both counts of the information pursuant to a negotiated plea bargain and received concurrent sentences of 5 years, 15 months to serve at the Adult Correctional Institution and 3 years and 9 months suspended probation, on Count 1 and 10 years, 15 months to serve at the Adult Correctional Institution and 8 years and 9 months suspended probation, on Count 2. Petitioner was also ordered to pay $28,000 in restitution.
Petitioner's application alleges ineffective assistance of counsel. Petitioner contends, if she had been properly represented, she would not have entered a nolo contendere plea. Petitioner alleges her attorney (1) failed to inquire as to her immigration status; (2) failed to advise her of the potential collateral immigration consequences of her plea; (3) failed to review with her the plea offer during the pre-trial process and prior to entering a plea; and (4) failed to discuss with her the circumstances under which her statement was given to the Department of Children, Youth Families (DCYF) investigators, and to file a motion to suppress said *Page 2 
statement. The Petitioner bears the burden of proving her claim by a preponderance of the evidence. Palmigiano v. Mullen, 119 R.I. 363,377 A.2d 242 (1977). An evidentiary hearing was held on the petition on January 30 and February 6, 2007.
In addressing claims of ineffective assistance of counsel, Rhode Island has adopted the standard set forth in Strickland v.Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), and Hill v.Lockhard, 474 U.S. 52, 106 S. Ct. 366 (1985). See LaChappelle v.State, 686 A.2d 924 (R.I. 1996). Under this standard a petitioner must:
 (a) show that counsel's representation fell below an objective standard of reasonableness; and
 (b) show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.
Id. at 926-27. Furthermore, "under Strickland, a defendant . . . must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and sound trial strategy" and "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Brown v.Moran, 534 A.2d 180, 182 (R.I. 1987) (citing Strickland,466 U.S. at 688, 104 S. Ct. at 2065, 80 L. Ed.2d at 694).
The Court will evaluate each of Petitioner's four contentions regarding ineffective assistance of counsel and review the pertinent evidence pertaining to each.
First, Petitioner claims that Attorney John Cotoia never asked her about her immigration status. Accepting that Attorney Cotoia did not personally ask the Petitioner about her immigration status, the Court is satisfied that the credible evidence, both testimonial and documentary, established that Ms. Michaela Connors of the Public Defender's Office asked *Page 3 
Petitioner about her immigration status and documented Petitioner's answer. That evidence is persuasive to this Court that Petitioner incorrectly informed Ms. Connors that she was a United States citizen, that Ms. Conners recorded this incorrect information for Attorney Cotoia's case file, and that Attorney Cotoia then relied on this information in the course of representing Petitioner.
Petitioner's second allegation in support of her claim of ineffective assistance of counsel is that Attorney Cotoia did not counsel her as to the potential immigration consequences of her plea. However, Petitioner's own testimony, which is corroborated by Attorney Cotoia's testimony, as well as by the signed plea form, establishes that Petitioner was advised of the potential immigration consequences of her plea. Furthermore, it is uncontradicted that, prior to entering her plea in this matter, Petitioner was advised by Attorney Cotoia that if she were a resident alien, a sentence imposed as a result of her plea could result in deportation, exclusion of admission to the United States, and/or denial of naturalization pursuant to the laws of the United States. Petitioner further testified that, upon going over this cautionary instruction in the plea form with her attorney, she did not advise her attorney that she was a legal alien or ask him any questions regarding the cautionary instruction. Petitioner signed the plea form, indicating that she had read the entire form with her attorney, understood the contents of the form, and had no questions as to what the form provides. Furthermore, during the course of her plea, Petitioner was again advised by this Court of the potential collateral immigration consequences of her plea.
Petitioner also argues that Attorney Cotoia was ineffective because he allegedly failed to discuss with her the State's plea offers during the pre-trial phase of the case prior to her being counseled regarding entering a plea. While it is true that Petitioner's case was continued numerous times on the pre-trial conference calendar without any substantive discussion *Page 4 
occurring between the Petitioner and Mr. Cotoia, many of these continuances were given to ascertain the accuracy of the State's loss figures pertaining to restitution. The fact that Petitioner's case was continued numerous times with Attorney Cotoia not having anything new to report to her on the issue of a likely plea offer, does not demonstrate ineffective assistance of counsel.
Attorney Cotoia did discuss with Petitioner the charges against her, the strength of the State's case, and what he hoped to achieve in plea negotiations. Attorney Cotoia testified in detail about how he had reviewed this information package prior to meeting with Petitioner. He testified that he explained to Petitioner the strength of the State's case against her in light of her co-defendants' statements and the investigators' findings. He testified that he explored with Petitioner the issue of restitution as a means to strengthen her bargaining position in plea negotiations, but that she informed him that she was unable to come up with any lump sum of restitution and was also unable to commit to making any significant monthly payments of restitution. Attorney Cotoia also testified to the fact that the State was initially looking for 2 to 3 years to serve and restitution in excess of $80,000. Attorney Cotoia pointed out that, given the nature of the charges, the strength of the State's case, the large amount of restitution, Petitioner's stated inability to make any significant restitution payment, and the fact that her co-defendants were receiving significantly longer prison sentences; the best sentence he could negotiate was 15 months to serve and $28,000 in restitution. Attorney Cotoia testified that in light of these overall circumstances, he counseled Petitioner to accept the plea offer. Mr. Cotoia, when asked if he would have done anything differently if he had known that Petitioner was not a United States citizen, testified that he would not have counseled Petitioner differently because given the above factors Petitioner was most likely to be convicted at trial, would likely face stiffer penalties after *Page 5 
trial and receive a harder sentence after trial. Petitioner offered nothing to rebut this testimony by Attorney Cotoia. Consequently, there is no evidence to suggest that Attorney Cotoia's counseling of Petitioner prior to, or in connection with her plea, was in any way deficient.
Petitioner's last contention is that Attorney Cotoia was somehow deficient in failing to consider filing a motion to suppress her written and oral admission to the Department of Human Services' investigators. This argument is misplaced. When a case is resolved by plea rather than by trial, the focus of the post-conviction hearing is the nature of counsel's advice concerning the plea and the voluntariness of the plea.State v. Crum, 2001 WL 1255439 (R.I.Super. 2001). Furthermore, even if the Court were to consider the question of whether Attorney Cotoia should have filed a motion to suppress Petitioner's admission, it would conclude that Attorney Cotoia's failure to do so was reasonable under the circumstances. First, Petitioner points to no legal authority to suggest that her oral statement, voluntarily given to a civil DHS investigator in a non-custodial environment, was likely to be suppressed. Second, Petitioner provides this Court with no explanation of how the potential suppression of this statement would have made a difference in the strength of the State's case against her. The fact that Attorney Cotoia did not file a motion to suppress Petitioner's statement does not constitute a basis for finding ineffective assistance of counsel.
In addition to failing to meet her burden as to the first prong of theStrickland test in relation to any of her complaints about Attorney Cotoia's representation of her, Petitioner has also failed to prove the second prong of the Strickland test — namely, to present credible evidence that, but for her attorney's alleged shortcomings, she would not have entered a plea and would have instead insisted on going to trial. *Page 6 
Although Petitioner did testify at her post-conviction hearing that she would not have pled to the charges if she had been counseled about the potential immigration consequences of her plea, she does not state, when asked what she would have done if she had not entered into the plea, that she would have insisted on a trial. Instead, Petitioner merely responded that she did not know what she would have done. When asked what she would have done or said at trial to defend against the charges, she was unable to answer the question. When asked what possible defenses another attorney could raise on her behalf, she was again unable to respond. It is not enough for Petitioner to simply assert that she would have insisted on going to trial. Given the strength of the State's facts in this case, a decision to go to trial in this case would most likely have resulted in a guilty verdict, followed by a sentence involving significantly more prison time than Petitioner ultimately received, as well as a higher restitution order.
As our Supreme Court stated in LaChappelle v. State, 686 A.2d 924, 927
(R.I. 1996), to meet the second prong of Strickland, a defendant must show "a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." It is not enough for the Petitioner to simply allege that she would have gone to trial because she is unhappy with the sentence she received and its potential immigration consequences. In the case at issue, Petitioner has failed to satisfy the Court that she would have proceeded to trial rather than plead to the charges.
Based on the Court's foregoing analysis, the Court finds that Mr. Cotoia's representation of the Petitioner did not fall below an objective standard of reasonableness. To the contrary, Mr. Cotoia demonstrated competent representation of his client throughout the pre-trial process, including advising her on entering into a plea of nolo contendere. Furthermore, the Court finds that, even if Mr. Cotoia's performance had fallen below an objective standard of reasonableness, *Page 7 
there is no record evidence to support the conclusion that, but for his representation, the Petitioner would have chosen a course other than pleading nolo contendere to the charges.
The Court denies Petitioner's application for post-conviction relief.